**Lonell MOSLEY, Plaintiff–Appellant,**

v.

**Paul J. KLINCAR, Richard M. Daley, and John Scott Arthur, Defendants– Appellees.**

**No. 89–2034.**

United States Court of Appeals, Seventh Circuit.

Argued May 29, 1991.

Decided Nov. 15, 1991.

Richard J. O'Brien, Sheila A. Sundvall (argued), Sidley & Austin, Chicago, Ill., for Lonell Mosley.

Brian Donovan, Asst. Atty. Gen., Mark E. Repp, Asst. State's Atty. (argued), Jan E. Hughes, Asst. Atty. Gen. (argued), Office of the Attorney General Civ. Appeals Div., Chicago, Ill., for Paul J. Klincar and John S. Arthur.

Madeleine S. Murphy, Mark E. Repp, Asst. State's Attys., Chicago, Ill., for Richard M. Daley.

Before BAUER, Chief Judge, WOOD, Jr., and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Lonell Mosley is an inmate at the Shawnee Correctional Center of Vienna, Illinois, where he currently serves a prison term for the crimes of murder and attempted murder. For the past ten years he has routinely made requests for parole, but all have been denied. In September 1988, after the Illinois Parole Review Board rejected his most recent parole request, Mosley filed a pro se complaint under 42 U.S.C. § 1983 raising four claims related to this denial. Mosley's first two claims asserted that Paul Klincar, chairman of the Parole Review Board, violated Mosley's due process rights by failing to provide sufficient reasons for denying him parole and by preventing his access to certain documents contained in his parole file. Mosley next contended that the retroactive application of a victim notification statute to his parole proceedings violated the ex post facto clause of the United States Constitution. Finally, Mosley alleged that former Cook County State's Attorney Richard M. Daley and Assistant State's Attorney John Scott Arthur deprived him of due process by including inaccurate and prejudicial information in Mosley's parole file. Each claim asked for declaratory, injunctive, and monetary relief.

In response to Mosley's complaint, Klincar and the State's Attorney's Office filed separate motions to dismiss his claims for failure to state a cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court granted each motion in its entirety, except for Mosley's due process claim against Klincar for his failure to provide sufficient reasons for denying Mosley's parole and to permit Mosley access to all the documents in his parole file. 711 F.Supp. 463. Mosley now appeals the district court's dismissal of both his ex post facto claim and his due process claim against the State's Attorney's Office.

When reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this court views all facts alleged in the complaint—as well as any inferences reasonably drawn therefrom—in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir.1990). Dismissal is appropriate only if it appears to a certainty that the plaintiff cannot establish any set of facts which would entitle him to the relief requested. *Id.* Accordingly, both of Mosley's claims on appeal must be evaluated under this standard of review.

■ We first examine whether the district court erred by dismissing Mosley's claim that the retroactive application of the Illinois victim notification statute to his parole hearing violated the ex post facto clause. Victim notification statutes are not new to Illinois parole procedure. Prior to 1973, Illinois law required the Parole and Pardon Board to "send notices of all minimum hearings relating to the granting of paroles by first class mail to ... the complaining witnesses at the applicant's trial which resulted in his conviction and the sentence on which he seeks parole." Ill. Rev.Stat.1971, ch. 108, sec. 206. This statute was repealed in 1973 and therefore was not applicable to Mosley, who had committed the offenses for which he was convicted in 1974. However, in 1985 the victim notification statute was reinstated, providing that:

> The victim of the violent crime for which the prisoner has been sentenced shall receive reasonable written notice not less than 15 days prior to the parole hearing and may submit in writing or in person at the parole hearing, information for consideration by the Prisoner Review Board.

Ill.Rev.Stat.1987, ch. 38, para. 1404(18). In this case, Mosley objects to the application of this newly-enacted statute to his parole proceedings. He argues that the district court mistakenly determined that his substantive rights were not affected by the reinstated notice requirement and therefore did not violate the ex post facto clause. Consequently, Mosley concludes that the court committed error by dismissing his ex post facto claim pursuant to Rule 12(b)(6). We disagree.

The retroactive application of the victim notification statute to Mosley's parole hearing does not implicate any ex post facto concerns. Only the "alteration of a substantial right" is prohibited by the ex post facto clause, *Weaver v. Graham*, 450 U.S. 24, 29 n. 12, 101 S.Ct. 960, 964 n. 12, 67 L.Ed.2d 17 (1981), and "[e]ven though it may work to the disadvantage of a defendant, a procedural change is not ex post facto." *Dobbert v. Florida*, 432 U.S. 282, 293, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977); *see, e.g., United States v. Molt*, 758 F.2d 1198 (7th Cir.1985) (changing standard for bail pending appeal); *Raimondo v. Belletire*, 789 F.2d 492 (7th Cir.1986) (empowering court and state's attorney to require hearing to review superintendent's decision to release patient); *United States ex rel. Massarella v. Elrod*, 682 F.2d 688 (7th Cir.1982) (extending statute of limitations). The retroactive application of the statute in this case did not adversely affect any of Mosley's "substantial, personal rights." *See Dobbert*, 432 U.S. at 293, 97 S.Ct. at 2298. Rather, this statute simply revised existing parole procedures by requiring the Parole Review Board to notify crime victims of a prisoner's scheduled parole hearing; it did not criminalize previously innocent acts, increase the punishment for a prior crime, or alter the degree of proof necessary to establish Mosley's guilt. Moreover, the notice requirement did not affect the criteria the Parole Review Board used in determining whether a prisoner was entitled to parole; indeed, even under the statute in force at the time Mosley committed his offense, victims were not prohibited from offering their statements to the Parole Review Board, should they have chosen to do so.

Mosley relies on *Rodriguez v. United States Parole Commission*, 594 F.2d 170 (7th Cir.1979) and *Tiller v. Klincar*, 138 Ill.2d 1, 149 Ill.Dec. 206, 561 N.E.2d 576 (1990) to support his contention that this statute adversely affected his substantive rights. However, both cases are distinguishable. In *Rodriguez*, this court held that the retroactive application of an administrative regulation setting parole hearings every eighteen months violated the ex post facto clause where prior law had established the prisoner's immediate eligibility for parole. There, we expressly pointed out that the critical flaw in this new regulation was the elimination of *any* opportunity for Rodriguez to be released or even to be considered for release on parole:

> If the retroactive deprivation of *all* opportunity to receive a shorter sentence violated the *ex post facto* clause, even though it was the parole board which made the ultimate decision on release, it follows *a fortiori* that deprivation of *all* opportunity to be released on parole also comes within the scope of that clause. *Rodriguez*, 594 F.2d at 175 (emphasis added).

Similarly, the *Tiller* court concluded that a new parole regulation setting parole hearings at three-year intervals violated the ex post facto clause, because it terminated the prisoner's right under prior law to an annual, if not earlier, parole hearing. 149 Ill. Dec. at 210, 561 N.E.2d at 580. The victim notification statute in the instant case, however, does not in any way affect the prisoner's opportunity to present his case before the Parole Review Board. And in contrast to *Rodriguez* and *Tiller*, the regularity of Mosley's scheduled parole hearings remains fixed.

■ Although we recognize that the substance-procedure dichotomy of *Dobbert v. Florida* is, to some extent, a question of degree, "[s]till the presumption is against construing a procedural change as an ex post facto law, and must carry the day in the absence of a stronger showing ... that the change works an increase in punish-

ment." *Molt*, 758 F.2d at 1201. Here, Mosley claims he will suffer an increase in punishment under this statute, because crime victims receiving notice will be more likely to offer their statements to the Parole Review Board and thereby reduce his chances of obtaining parole. However, given that the Parole Review Board has always been free to consider such statements, any resulting disadvantage to the prisoner is too slight to warrant a successful ex post facto challenge. Mosley has failed to demonstrate that the victim notification statute altered any substantive rights in violation of the ex post facto clause.

■ We next examine whether the district court committed reversible error by dismissing Mosley's due process claim against the State's Attorney's Office. Mosley asserts that the State's Attorney's Office included inaccurate and prejudicial information in its letter of protest to the Parole Review Board. As a result, Mosley contends that he was denied due process because he was allegedly prevented from reviewing his parole file and could not rebut the false and misleading information. Again, we disagree.

In *Walker v. Prisoner Review Board*, this court held that any due process violation caused by the presence of false or prejudicial information in a prisoner's parole file is remedied by the prisoner's right to review and respond to the objectionable material, 769 F.2d 396, 401 (7th Cir.1985). However, whether Mosley was in fact given an opportunity to review his parole file is not dispositive of the issue before us, for the State's Attorney's Office was in no way responsible for denying Mosley access to his file. The State's Attorney's role in parole proceedings is limited solely to submitting information—both favorable and unfavorable—to the Parole Review Board. The State's Attorney does not conduct parole hearings, nor does he determine whether a prisoner is permitted access to his parole file. In short, former State's Attorney Daley and Assistant State's Attorney Arthur cannot be held liable for any violation of Mosley's due process rights, since they simply were in no position to frustrate Mosley's attempts to review his file.

Accordingly, we AFFIRM the district court's dismissal of the plaintiff's ex post facto and due process claims.