**Michael L. CALDWELL,
Plaintiff–Appellant,**

v.

**CITY OF ELWOOD, INDIANA, Elwood
Fire Department, John Burdsall, in his
official capacity as Chief of the Elwood
Fire Department and in his individual
capacity, et al., Defendants–Appellees.**

No. 91–2241.

United States Court of Appeals,
Seventh Circuit.

Argued March 4, 1992.

Decided April 1, 1992.

Tracy A. Nelson (argued), John H. Haskin, John H. Haskin & Associates, Indianapolis, Ind., for plaintiff-appellant.

Michael R. Morow, Stephenson & Kurnik, Indianapolis, Ind. (argued), for defendants-appellees.

Before CUMMINGS and FLAUM, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

FLAUM, Circuit Judge.

Michael Caldwell appeals the district court's dismissal of his First Amendment retaliation claim under 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We affirm.

## I.

Michael Caldwell, a firefighter in the City of Elwood, Indiana, went to the home of the mayor on July 1, 1989 pursuant to the mayor's "open-door policy" and discussed his safety and employment concerns regarding the Fire Department's ambulance usage and method of cleaning copper wire.[1] Two days after this conversation, John Burdsall, chief of the Elwood Fire Department, suspended Caldwell indefinitely pending a hearing because of alleged breaches of discipline. On July 6, Burdsall, admitting that he had exceeded his statutory authority in suspending Caldwell without a hearing, notified Caldwell to return to work on July 10, leaving Caldwell with the equivalent of a ten-day suspension. The hearing was held before the Board of Works and Public Safety ("Board") on December 1, 1989. The Board decided to revoke the ten-day suspension and instead to place Caldwell on a five-day suspension and on probation for two years due to his "attitude, insubordination, and disrespect towards the fire chief." Caldwell filed suit in state court on December 29, 1989, but that action was dismissed without prejudice when the City of Elwood rescinded the two-year probationary period.

Caldwell filed this civil rights action in federal court on August 21, 1990. In his amended complaint, he alleged that defendants City of Elwood, Elwood Fire Department, John Burdsall, in his official and individual capacities, and the Board violated his right to free speech under the First Amendment applicable to the states through the Fourteenth Amendment by disciplining him for speaking on matters of public concern at the mayor's home on July 1, 1989.[2] Caldwell asked for damages and the expungement of the remaining five-day suspension from his personnel file. The defendants moved to dismiss the complaint for failure to state a claim or, in the alternative, on qualified immunity grounds. The district court assumed that the matters Caldwell discussed with the mayor were matters of public concern but dismissed his suit on the ground that Caldwell was suspended rather than discharged.[3]

On appeal, Caldwell argues that any retaliatory action, including action short of discharge such as suspension or probation, that is likely to chill the exercise of constitutionally protected speech is actionable under section 1983 and that his amended complaint thus stated a cause of action upon which relief could be granted. The defendants counter that Caldwell's amended complaint fails to state a First Amendment retaliation claim against any defendant since the amended complaint failed to allege: 1) sufficient facts to state a claim that the conversation involved matters of public concern; 2) that the acts of any defendant were the proximate cause of the constitutional violation or that any defendant even knew of the conversation with the mayor, let alone the content of that conversation; or 3) a municipal policy, custom, or practice.

## II.

We review the grant of a motion to dismiss *de novo. Johnson v. Martin,* 943 F.2d 15, 16 (7th Cir.1991). We view all of the facts alleged in the complaint, as well as any inferences reasonably drawn from them, in the light most favorable to the plaintiff. *Mosley v. Klincar,* 947 F.2d 1338, 1339 (7th Cir.1991). We will only dismiss a complaint for failure to state a

**1.** The district court noted that the topics of discussion also included problems associated with administrating fire code regulations and a public landfill. These topics were not mentioned in the amended complaint, but rather in Caldwell's second affidavit, which was submitted with the pleadings.

**2.** Caldwell also alleged in the district court that the defendants deprived him of a property inter-est without due process but has not pursued this issue on appeal.

**3.** The district court rejected Caldwell's reliance on *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990), finding that *Rutan* addresses the issue of political patronage in public employment policies, not the question of disciplinary suspensions, and that Caldwell was not alleging that his suspension was due to his political affiliation.

claim if it appears beyond doubt "that the plaintiff cannot establish any set of facts which would entitle him to the relief requested." *Id.*

■ In order for Caldwell to state a First Amendment retaliation claim, he must show "(1) that speech [he] engaged in was constitutionally protected under the circumstances, ... and (2) that defendants retaliated against [him] because of that speech." *Barkoo v. Melby*, 901 F.2d 613, 617 (7th Cir.1990). A public employee has a First Amendment right to comment on matters of public concern even when he communicates privately with his employer. *Givhan v. Western Line Consol. School Dist.*, 439 U.S. 410, 415, 99 S.Ct. 693, 696–97, 58 L.Ed.2d 619 (1979). "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the record as a whole." *Connick v. Myers*, 461 U.S. 138, 147–48, 103 S.Ct. 1684, 1690–91, 75 L.Ed.2d 708 (1983).

■ The defendants argue that the amended complaint is insufficient because it fails to reveal what was actually said about each topic during the conversation. Although the district court assumed that the matters that Caldwell discussed with the mayor were of public concern, it may well be that the allegations are sufficient to show constitutionally protected speech. The conversation took place pursuant to the mayor's open-door policy, under which the mayor allegedly encouraged certain public employees to voice their employment concerns with him. Moreover, public safety in the use of ambulances is certainly a matter of public concern. Contrary to the district court's conclusion, discharge is not the only retaliatory act for such speech that is actionable under section 1983. *See, e.g., Auriemma v. Rice*, 910 F.2d 1449, 1459 (7th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2796, 115 L.Ed.2d 970 (1991) (claim of retaliatory transfers and failure to consider plaintiffs for promotion for having exercised their rights to freedom of speech).

■ However, we need not reach the issue of whether Caldwell's speech was constitutionally protected since the amended complaint fails to sufficiently allege that any defendant retaliated against Caldwell because of his conversation with the mayor. *See Roland v. Langlois*, 945 F.2d 956, 962 n. 11 (7th Cir.1991) (an appellate court can affirm on any ground supported by the record). A civil rights complaint must outline a violation of the constitution or a federal statute "and connect the violation to the named defendants." *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir.1992).[4] Except in a conclusory manner, Caldwell fails to connect his private conversation to the mayor with the disciplinary measures taken by either the individual or the municipal defendants. *Cf. Cusson–Cobb v. O'Lessker*, 953 F.2d 1079, 1081–82 (7th Cir.1992).[5] Caldwell has not pled that any of the defendants actually knew of the conversation with the mayor or of the matters that were allegedly discussed. Instead, he argues that at the pleading stage he is entitled to a reasonable inference that it was this conversation that led to the disciplinary measures. Caldwell mistakenly in-

---

4. Certain issues in section 1983 complaints require "heightened pleading and substantiation." *Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir.1991); *see, e.g., Elliott v. Thomas*, 937 F.2d 338, 344–45 (7th Cir.1991) (requiring "specific nonconclusory factual allegations" establishing constitutional deprivation to avoid dismissal on immunity grounds before discovery); *Patton v. Przybylski*, 822 F.2d 697, 701 (7th Cir.1987) (involvement of head of department must be pled with greater specificity in civil rights case); *Branch v. Tunnell*, 937 F.2d 1382, 1386 (9th Cir.1991) (adopting "a heightened pleading standard in cases in which subjective intent is an element of a constitutional tort").

5. Even the cases to which Caldwell cites to support his arguments have clearly established a causal link between the violation and the defendant, who had knowledge of the plaintiff's speech. *E.g., Yoggerst v. Stewart*, 623 F.2d 35 (7th Cir.1980) (complaint was allowed to proceed against supervisors who specifically reprimanded plaintiff because of her speech); *McGill v. Board of Educ.*, 602 F.2d 774 (7th Cir.1979) (plaintiff was told that she was being transferred because of her vocal support of a union).

terprets "reasonable inferences" to include bridging the gap between his speech and the disciplinary measure taken against him.

■ In addition, Caldwell fails to allege the existence of a municipal custom or policy. Caldwell's claims against the City of Elwood, the Elwood Fire Department, the Board, and Burdsall in his official capacity are essentially all against the City. *Leahy v. Board of Trustees of Community College Dist. No. 508*, 912 F.2d 917, 922 (7th Cir.1990). Since "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory," *Monell v. Department of Social Serv.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a section 1983 complaint against a municipality must plead the existence of a custom or policy that was the direct cause of the deprivation of a federal right. *Surplus Store and Exchange, Inc. v. City of Delphi*, 928 F.2d 788, 790 (7th Cir.1991); *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir.1985); *see also Partee v. Metropolitan School Dist. of Washington Township*, 954 F.2d 454, 455–56 (7th Cir.1992) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 924, 99 L.Ed.2d 107 (1988) ("an isolated decision by a municipal employee or official constitutes official policy only if that official has 'final policymaking authority' for the challenged act under state law").

Caldwell argues that the appellees impermissibly raised the issue of whether Caldwell alleged the existence of a municipal custom or policy for the first time on appeal. This is not true. The defendants clearly argued that the original complaint ignored "the entity liability requirements under *Strauss v. City of Chicago.*" (Citation omitted.) In any event, the complaint is inadequate—in order to state a claim against the municipal defendants, Caldwell must plead a municipal policy or custom. *Leahy*, 912 F.2d at 922.

Alternatively, Caldwell argues that, after drawing reasonable inferences from the facts he has pled, it cannot be said that he could not prove any set of facts which would establish such a policy, custom, or practice. However, drawing a reasonable inference that a municipal custom or policy exists when he has only pled one incident of alleged retaliation for speech on matters of public concern requires a leap in logic that we are unwilling to take. *See id.* at 922 (absence of allegations of the existence of a municipal policy or custom and of the requisite causal connection between such a policy and the constitutional injuries complained of justified dismissal); *Strauss*, 760 F.2d at 767 (nothing in the complaint suggested that the single isolated incident was related to municipal policy).

\* \* \*

Caldwell has not sufficiently connected his private conversation on matters allegedly of public concern to the disciplinary measures that were taken against him to state a First Amendment retaliation claim. Therefore, the district court's dismissal of Caldwell's complaint is AFFIRMED.