980 F.2d 733
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony PALERMO, Plaintiff/Appellant,
v.
CITY OF CHICAGO, Officer Alvin Rogers, Sergeants Blanc and
Delmarto, Defendants/Appellees.
 No. 92-1002.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 9, 1992.*
Decided Nov. 23, 1992.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Anthony Palermo appeals the district court's dismissal of his two-count amended complaint, brought pursuant to 42 U.S.C. § 1983, alleging that the City of Chicago, Officer Alvin Rogers, Sergeant Blanc and Sergeant DelMarto violated his Fourth and Fourteenth Amendment rights. Mr. Palermo also appeals the district court's denial of leave to file a second amended complaint pursuant to Fed.R.Civ.P. 15(a). We affirm.
 
 I. FACTS
 
 2
 On July 19, 1989, Anthony Palermo was arrested by Officer Rogers at O'Hare airport for violating a city ordinance which governs the solicitation of taxicab passengers. Officer Rogers took Mr. Palermo to the police facility at O'Hare airport, where he confiscated and inventoried Mr. Palermo's cellular telephone, beeper, and $698 in currency. Mr. Palermo was not charged or permitted to post bond at the O'Hare police station. Instead, Mr. Palermo was transported to another police station, where the paperwork incident to his arrest was completed. There, Mr. Palermo was permitted to post bond and was released. Mr. Palermo's $698 was not, however, returned to him at that time. Eventually, Mr. Palermo obtained a court order directing the defendants to release his money to him.
 
 
 3
 Mr. Palermo filed this civil rights action in federal court on July 11, 1991. In Count I of his amended complaint, Mr. Palermo alleges that pursuant to an express policy of the City of Chicago, he was neither formally charged nor permitted to post bond at the police facility located at O'Hare, but was taken instead to another police station. Mr. Palermo alleges that the City has no legitimate basis for requiring persons arrested for ordinance violations at O'Hare airport to be processed at other police stations, and has adopted this policy for the sole purpose of inconveniencing, harassing and summarily punishing such persons. In Count II, Mr. Palermo further claims that Officer Rogers, acting at the direction of Sergeant Blanc and Sergeant DelMarto, refused to release his $698 in currency to him without court order for the sole purpose of causing him inconvenience and humiliation, and thus summarily punishing him. Pursuant to Fed.R.Civ.P. 12(b)(6), the defendants moved to dismiss both counts of the amended complaint for failure to state a claim. The defendants further argued that Officer Rogers, Sergeant Blanc and Sergeant DelMarto may not be held liable for Count II of the complaint on the grounds of qualified immunity. Mr. Palermo then requested leave of the district court to file a second amended complaint. The district court dismissed with prejudice Mr. Palermo's first amended complaint, and denied his motion to file a second amended complaint. Mr. Palermo timely appealed the district court's order.
 
 II. ANALYSIS
 
 4
 A. Dismissal of the amended complaint.
 
 
 5
 We review the grant of a motion to dismiss de novo. DeSalle v. Wright, 969 F.2d 273, 274 (7th Cir.1992). We accept as true all well-pleaded factual allegations, and view any inferences reasonably drawn from them in the light most favorable to the plaintiff. Id.; Caldwell v. City of Elwood, 959 F.2d 670, 671 (7th Cir.1992). Moreover, we will affirm the dismissal of a complaint only if it appears beyond doubt that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984); Conley v. Gibson, 355 U.S. 41, 45-46, 99 S.Ct. 102 (1957); Lolling v. Patterson, 966 F.2d 230, 233 (7th Cir.1992).
 
 
 6
 To survive a motion to dismiss his § 1983 claims against the individual defendants, Mr. Palermo must allege facts which show that the defendants, acting under color of state law, intentionally deprived him of a constitutionally protected right. See Patrick v. Jasper County, 901 F.2d 561, 565 (7th Cir.1990); Donald v. Polk County, 836 F.2d 376, 379 (7th Cir.1988). In addition, to hold the City of Chicago liable under § 1983, Mr. Palermo must allege that the constitutional deprivation was caused by some municipal policy, custom or practice. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2035-36 (1978); Patrick, 901 F.2d at 565; Strauss v. City of Chicago, 760 F.2d 765, 767 (7th Cir.1985).
 
 
 7
 Mr. Palermo has failed to state a claim against the City of Chicago or the individual defendants, since the facts he alleges show that he was not deprived of his rights under the Fourth and Fourteenth Amendments. See American Nurses' Ass'n v. State of Illinois, 783 F.2d 716, 724 (7th Cir.1986) (plaintiff may plead himself out of court by including facts which show his rights were not violated). Furthermore, purely conclusory allegations concerning the defendants' motives in taking Mr. Palermo to a second police station for processing, and holding his money pending a court order to release it, do nothing to save Mr. Palermo's complaint. See Rodgers v. Lincoln Towing Service, Inc., 771 F.2d 194, 198-99 (7th Cir.1985); Strauss, 760 F.2d at 767-68.
 
 
 8
 In the case of a warrantless arrest, the Fourth Amendment prohibits the extended detention of an arrestee without a prompt judicial determination of probable cause. County of Riverside v. McLaughlin, 111 S.Ct. 1661, 1665 (1991); Gerstein v. Pugh, 420 U.S. 103, 114, 95 S.Ct. 854, 863 (1975). Where the police officer on the scene determines that there is probable cause to arrest, the arrestee may be detained for a brief period to complete the administrative steps incident to the arrest. Gerstein, 420 U.S. at 113-14, 95 S.Ct. at 863. In Count I of his complaint, Mr. Palermo fails to allege facts which would show that Officer Rogers lacked probable cause to arrest him for soliciting passengers, or that he was held longer than necessary to complete the administrative steps incident to his arrest. Mr. Palermo instead alleges that once the paperwork following his arrest was completed, he was allowed to post bond and leave. Mr. Palermo's assertion that he had a constitutional right to be processed at the O'Hare police station where he was first brought is without foundation. While "(e)veryone agrees that the police should make every attempt to minimize the time a presumptively innocent individual spends in jail," McLaughlin, 111 S.Ct. at 1670, or in police custody, neither the individual defendants nor the City is required to adopt procedures to process arrestees in the fastest conceivable way. See Id. at 1670-71.
 
 
 9
 Furthermore, Mr. Palermo pleads no facts to support his bare allegation that the City has deliberately adopted a policy of transporting persons arrested at O'Hare to other police stations for processing in order to inconvenience, harass, or summarily punish them in violation of their right to due process. A complaint which merely pleads conclusions, without setting forth the facts upon which it is based, will not survive a motion to dismiss. Therefore, "a pleading is insufficient to state a claim under the Civil Rights Act if the allegations are mere conclusions." Kunik v. Racine County, 946 F.2d 1574, 1579 (7th Cir.1991) (quoting Cohen v. Illinois Institute of Technology, 581 F.2d 658, 663 (7th Cir.1978), cert. denied, 439 U.S. 1135, 99 S.Ct. 1058 (1979)); see also Hood v. City of Chicago, 927 F.2d 312, 315 (7th Cir.1991) ("(w)e decline to believe that the city has deliberately adopted a policy ... (to keep) arrestees detained longer than necessary").
 
 
 10
 Count I of Mr. Palermo's complaint also challenges the initial search and seizure by Officer Rogers of Mr. Palermo's cellular telephone, beeper, and $698 in currency as being without probable cause. An inventory search and seizure of the personal property of a person under lawful arrest, conducted as part of the routine administrative procedure at a police station, does not violate the Fourth Amendment. Illinois v. Lafayette, 462 U.S. 640, 643-44, 648, 103 S.Ct. 2605, 2608, 2611 (1983); Chambers v. Maher, 915 F.2d 1141, 1143 (7th Cir.1990), cert. denied, 111 S.Ct. 1116 (1991). As we have already noted, Mr. Palermo has alleged no facts from which we may infer that his arrest was illegal. Officer Rogers was thus justified in searching and seizing Mr. Palermo's personal property.
 
 
 11
 Since Count I of Mr. Palermo's complaint fails to state a claim that either the City of Chicago or the individual police officers violated his constitutional rights, the district court correctly dismissed it.
 
 
 12
 In Count II of his complaint, Mr. Palermo challenges the refusal of Officer Rogers to return to him the $698 seized following the inventory search of Mr. Palermo's property, and alleges that Sergeant Blanc and Sergeant DelMarto directed Officer Rogers to hold the money in order to inconvenience, harass, and summarily punish Mr. Palermo. Again, Mr. Palermo fails to allege any facts which would form the basis for this assertion. Where police could reasonably believe that an item seized may be relevant evidence in a particular criminal prosecution, holding the item does not violate the Fourth Amendment. New Jersey v. T.L.O., 469 U.S. 325, 345-46, 105 S.Ct. 733, 744-45 (1985); Warden v. Hayden, 387 U.S. 294, 306-08, 87 S.Ct. 1642, 1650 (1967); Chambers, 915 F.2d at 1144. In this case, it was reasonable for the defendants to believe that the $698 in cash could be introduced as evidence that Mr. Palermo was illegally soliciting taxicab passengers. Thus, Count II of Mr. Palermo's complaint fails to state a claim under the Fourth Amendment.
 
 
 13
 Mr. Palermo also fails to allege facts which tend to show that in holding the money, the defendants violated Mr. Palermo's right to substantive due process. We first note that Mr. Palermo was not deprived of the $698, since he claims that he successfully obtained a court order for its return. Furthermore, Mr. Palermo alleges no facts and cites no legal authority which would lead us to conclude that he was entitled to receive the money immediately upon his release from police custody, or even that the return of the money was otherwise unjustifiably delayed. See Schroeder v. City of Chicago, 927 F.2d 957, 959-61 (7th Cir.1991). On the contrary, the defendants' reasonable belief that the money could be useful as evidence against Mr. Palermo provided the legal justification for continuing to hold it. See Chambers, 915 F.2d at 1144. Under these circumstances, Mr. Palermo's Fourteenth Amendment substantive due process claim was properly dismissed.[1]
 
 
 14
 B. The district court's refusal to grant leave to amend.
 
 
 15
 Under Rule 15(a), leave to amend "shall be freely granted when justice so requires." Fed.R.Civ.P. 15(a). The decision to deny leave to file a second amended complaint lies within the discretion of the district court. DeSalle, 969 F.2d at 277-78; Rodgers, 771 F.2d at 204. A district court does not abuse its discretion in denying leave to amend where the proposed repleading would be futile. DeSalle, 969 F.2d at 278.
 
 
 16
 The proposed amendments to Count I of Mr. Palermo's complaint merely state in a conclusory manner that Mr. Palermo was not violating any law or ordinance when he was arrested. Again, Mr. Palermo fails to allege any facts from which we might infer that his arrest was without probable cause. Next, Mr. Palermo states that Illinois Supreme Court Rule 528 provides that persons arrested on ordinance violations may be released upon posting bond. According to Mr. Palermo's complaint, this is precisely what happened. Finally, Mr. Palermo states that he was held in police custody for approximately four hours, when the processing of his arrest could have been completed in thirty minutes, and that under such circumstances, the delay was unreasonable. Mr. Palermo simply asserts that his arrest could have been processed faster, and fails to allege any facts from which we may infer that he was held longer than was reasonably necessary to complete the usual administrative procedures incident to his arrest. As we have already noted, the Fourth Amendment does not require police to adopt procedures to process arrestees in the fastest conceivable way. See McLaughlin, 111 S.Ct. at 1670-71.
 
 
 17
 Mr. Palermo also proposes to add a third count to his complaint, alleging that he was arrested without a warrant and without probable cause. That Mr. Palermo was arrested without a warrant is undisputed, and has no legal relevance to his claims. See, e.g., United States v. Watson, 423 U.S. 411, 416-19, 96 S.Ct. 820, 824-25 (1976). Furthermore, Mr. Palermo's claim that he was arrested without probable cause is merely a legal conclusion, since he again fails to allege any facts concerning his arrest from which it could be inferred that he was arrested without probable cause. See, e.g., United States v. Burrell, 963 F.2d 976, 986 (7th Cir.1992) (a determination of probable cause requires the court to evaluate the facts and circumstances within the arresting officer's knowledge at the time he made the arrest).
 
 
 18
 Since the amendments proposed by Mr. Palermo are futile to his claim, the district court did not abuse its discretion in denying leave to file a second amended complaint.
 
 CONCLUSION
 
 19
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Since we have concluded that dismissal under Rule 12(b)(6) was proper, we need not consider the affirmative defense of qualified immunity