9 F.3d 112
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Maverick HANDLEY, Plaintiff-Appellant,
v.
George WELBORN, et al., Defendants-Appellees.
 No. 92-1922.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 22, 1993.
Decided Oct. 6, 1993.[1]
 
 Before BAUER, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Maverick Handley appeals the dismissal of his civil rights action against the defendant prison officials. 42 U.S.C. Sec. 1983.
 
 
 2
 In October 1990, when plaintiff was an inmate at the Illinois River Correctional Center, he appeared at a prison disciplinary hearing on an unrelated charge. When he heard the Committee's decision, plaintiff assaulted the chairperson and a correctional officer. Subsequently, plaintiff was transferred to Menard Correctional Center, and a prison disciplinary committee at Menard found him guilty of assault and imposed a penalty of 360 days' confinement to disciplinary segregation, 360 days' loss of good time credit, and a demotion to "C" grade.
 
 
 3
 Plaintiff then filed this pro se Sec. 1983 action, which merges due process allegations about the unfairness of the October 1990 disciplinary proceeding, and unrelated Eighth Amendment allegations about the conditions of confinement at Menard. The district court adopted the recommendation of the magistrate judge and construed Count I as a habeas corpus claim, dismissing it without prejudice for failure to exhaust available state remedies; and dismissed Counts II and III for failure to state a claim upon which relief can be granted.
 
 
 4
 We review the grant of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) de novo. Caldwell v. City of Elwood, 959 F.2d 670, 671 (7th Cir.1992). We view all facts alleged in the complaint and all reasonable inferences that may be drawn from them, in a light most favorable to plaintiff. Id.
 
 Count I--Disciplinary Hearing/Due Process
 
 5
 Plaintiff first contends that the district court erred in construing Count I of the complaint as a habeas corpus petition.[2] We agree, and reverse and remand only as to this finding.[3] Count I of the complaint is a proper claim under 42 U.S.C. Sec. 1983. The claim need not be brought under 28 U.S.C. Sec. 2254 as a habeas action, which would require exhaustion of state remedies. Castille v. Peoples, 489 U.S. 346, 349 (1989); Verdin v. O'Leary, 972 F.2d 1467 (7th Cir.1992).
 
 
 6
 In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Court held that challenges to the "very fact or duration" of confinement, seeking "immediate release or a speedier release," must be brought in a habeas corpus action. Preiser, 411 U.S. at 500. In contrast, a Sec. 1983 action is a "proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser, 411 U.S. at 499. In Wolff v. McDonnell, 418 U.S. 539 (1974), the Court added that a proper Sec. 1983 action can go forward while actual restoration of good time credits is sought in state proceedings. Wolff, 418 U.S. at 554.
 
 
 7
 The factual allegations set forth in Count I of the First Amended Complaint state that on October 5, 1990, plaintiff was written up in a disciplinary report at the Illinois River Correctional Center; that he sought affidavits from two other inmates but was unable to obtain them before he was transferred, on October 11, 1990, to Menard; and that he was placed in disciplinary segregation in a control cell at Menard. The original complaint indicates that the Menard adjustment committee decided plaintiff should be placed in segregation for 360 days; demoted to C-grade status; and lose 360 days' good time credit.
 
 
 8
 Count I alleges that Warden Welborn, Tiler as Chairman of the adjustment committee, and two unknown members of the adjustment committee violated plaintiff's Fourteenth Amendment rights when they "deprived the plaintiff of a[n] opportunity to prepare a defense"; and "deprived plaintiff of a written record/summary or disposition of the disciplinary hearing." Moreover, Welborn "approved of the[se] actions and "failed to adequately train or supervise co-defendants." In addition, defendants "deprived plaintiff due process and equal protection of the law by failing to apply and enforce/follow laws of the state of Illinois and regulations of the Illinois Department of Corrections." The relief sought by plaintiff included compensatory damages for each day he was confined in a control cell.
 
 
 9
 Under Wolff, a prisoner may obtain damages under Sec. 1983 for constitutional errors in the manner in which prison disciplinary hearings were conducted, notwithstanding the fact that the disciplinary board took away good time credits. The Court in Wolff held:
 
 
 10
 "[The] damages claim was therefore properly before the District Court and required determination of the validity of the procedures employed for imposing sanctions, including loss of good time.... Such a declaratory judgment as a predicate to a damages award would not be barred by Preiser; [ ] under that case only an injunction restoring good time improperly taken is foreclosed....
 
 
 11
 We therefore conclude that it was proper for the Court of Appeals and the District Court to determine the validity of the procedures for revoking good-time credits and to fashion appropriate remedies for any constitutional violations ascertained, short of ordering the actual restoration of good time already canceled. Wolff, 418 U.S. at 554-55.
 
 
 12
 In Viens v. Daniels, 871 F.2d 1328, 1333 (7th Cir.1989), the discipline imposed was identical to that imposed upon Handley in the present case. In Viens, the disciplinary hearings resulted in revoking 360 days' good time; reducing plaintiffs' grade to "C." with its attendant loss of privileges; and placing plaintiffs in disciplinary segregation for 360 days. This court found the allegations to be a challenge to the conditions of confinement, not the duration. The court pointed out that it was the "conditions of [plaintiffs'] incarceration [which] were significantly altered as a result of the disciplinary hearing." Viens; 871 F.2d at 1333. The court explained:
 
 
 13
 "[A] federal court need not stay its hand merely because these sanctions were imposed concurrently with a revocation of good time. Hanson v. Heckel does not bar a section 1983 action challenging the procedures used at a prison disciplinary hearing where the hearing resulted, as in this case, in the imposition of significant sanctions other than the revocation of good time. This is true even though good-time credits were revoked as a result of the same hearing. In this case, [plaintiffs] were removed from the general prison population for almost a year and lost the privileges associated with their prison grade as a result of the Adjustment Committee hearing they now attack. These punishments are substantial; plaintiffs do not challenge these sanctions merely as a pretext to attack the revocation of good time." Viens, 871 F.2d at 1334.
 
 
 14
 Similarly, plaintiff here seeks only procedural improvements in the disciplinary proceedings. Plaintiff does not seek restoration of good time credits, or a return to the general prison population from disciplinary segregation. Plaintiff does not imply that he wants "swift release as well as better procedures," or that the "goal in view is release." Clark v. Thompson, 960 F.2d 663, 664-65 (7th Cir.1992). Plaintiff never draws into question the basis of the confinement, i.e., whether he was proved guilty at the disciplinary hearing. If a prisoner seeks release from disciplinary segregation, habeas corpus is his remedy because it is a "quantum change in the level of custody," instead of merely a "different program or location or environment." See e.g., Graham v. Broglin, 922 F.2d 379, 381 (7th Cir.1991). But plaintiff here never asks for release from control cells. This is not a case like Hanson v. Heckel (791 F.2d 93 (7th Cir.1986)), where "plaintiff by artful pleading seeks to disguise a habeas corpus case as a suit for damages or for a declaratory judgment or for an injunction." Greene v. Meese, 875 F.2d 639, 642 (7th Cir.1989).
 
 
 15
 The district court erred in dismissing plaintiff's procedural due process claim based on the failure to exhaust state remedies. We therefore reverse and remand with respect to Count I's allegations involving the disciplinary hearing procedure.
 
 Count II--Conditions of Confinement
 
 16
 Plaintiff next contends that the district court erred in dismissing Count II which alleges an Eighth Amendment claim related to conditions of confinement. We disagree.
 
 
 17
 The Eighth Amendment prohibition against cruel and unusual punishment may be violated when conditions are imposed which are grossly disproportionate to the severity of the crime warranting imprisonment, or are devoid of penological justification. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Caldwell v. Miller, 790 F.2d 589, 600 (7th Cir.1986). The conditions imposed upon the prisoner are to be analyzed by contemporary standards of decency. Rhodes, 452 U.S. at 347.
 
 
 18
 Plaintiff alleges deprivations of his basic human needs. For example, he wanted a large-toothed "afro-comb"; "magic" shaving cream for sensitive skin; larger than "motel-sized" bars of soap; less noise in the cellblock from televisions of nearby inmates; a broom, mop and other cleaning equipment; warmer meals; reading materials for intellectual stimulation; regular testing for chronic illnesses; and something more than a 60-watt bulb in his cell.
 
 
 19
 Plaintiff has failed to adequately allege that he has been deprived of one, or a combination of, basic human needs which could be defined as "the minimal civilized measure of life's necessities." See Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991). Prisons are not required to provide, nor can prisoners expect to receive, "the amenities, conveniences and services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir.1988) (no constitutional violation where prison officials failed to provide prisoner with toilet paper for five days, and with soap, toothbrush and toothpaste for ten days). The constitution does not mandate that prisoners be comfortable. Caldwell v. Miller, 790 F.2d 589 (7th Cir.1986).
 
 
 20
 Moreover, an Eighth Amendment claim must be supported by allegations of a culpable state of mind, i.e., deliberate indifference. Wilson v. Seiter; Steading v. Thompson, 941 F.2d 498, 499-500 (7th Cir.1991), cert. denied, 112 S.Ct. 1206 (1992). Plaintiff has failed to adequately allege that defendants possessed the requisite mental state. His complaint contains no allegations, for example, that defendants acted maliciously, intending to punish or injure him by not making his food hotter, by not providing a type of shaving cream preferred by some black men, or by not forcing neighboring inmates to turn down their televisions. Even given its most liberal interpretation, the complaint falls far short of making the necessary showing of culpable intent, or necessary showing that defendants possessed total unconcern for plaintiff's welfare. See McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir.1991), cert. denied, 112 S.Ct. 1265 (1992).
 
 Count III--Due Process/Liberty Interest
 
 21
 Finally, we find no error in the dismissal of Count III, a due process claim under the Fourteenth Amendment. Plaintiff argues that some of the IDOC regulations regarding prisoners placed in control cells create a liberty interest. Illinois Criminal Code section 1003-7-2(d) requires the provision of meals, bedding and soap. Section 1003-7-3 requires certain sanitary conditions. Ill.Rev.Stat., ch. 38, Secs. 1003-7-2, 1003-7-3 (1989). Neither statutory provision mandates that prisoners receive a certain brand or type of bedding, soap, or other amenities. That is left to the discretion of the prison officials. Similarly, section 504.620 of the Illinois Administrative Regulations regulates living conditions in segregation, including requirements for clean bedding, adequate light, soap, cleaning materials. 20 Ill.Admin.Code, ch. 1, subch. B, Sec. 504.620. Again, considerable discretion is left to the prison officials in determining the exact type of bedding, wattage of light bulbs, degree of heated food, or type of cleaning materials to be provided, and when.
 
 
 22
 Thus, the provisions which plaintiff points to lack the mandatory language necessary to create a protected liberty or property interest. See Hewitt v. Helms, 459 U.S. 460, 470-72 (1983). The statutory and regulatory provisions that plaintiff challenges do not establish specific substantive predicates to limit prison officials' discretion. Kentucky Dept. of Corrections v. Thompson, 109 S.Ct. 1904, 1910 (1989).
 
 
 23
 For these reasons, we hold that Counts II and III of the complaint were properly dismissed; but that it was error to dismiss Count I of the complaint. Accordingly, the judgment of the district court is AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 The magistrate judge sua sponte decided that Count I should be construed as a habeas corpus claim "since any determination that the procedures violated due process would lead to a reduction in the length of his incarceration." The magistrate judge also reasoned that the compensatory damages sought by plaintiff were "intended to compensate plaintiff for the deprivation of his good-time. In these circumstances, the requirement that habeas corpus litigants exhaust available state court remedies should be enforced." The district court adopted these findings and dismissed Count I. The court found that "[t]he magistrate has properly construed Count I of plaintiff's amended complaint, related to his loss of statutory good-time, as a habeas action."
 
 
 [3]
 Cf. Heck v. Humphrey, 997 F.2d 355 (7th Cir.1993) (notwithstanding the fact that plaintiff did not ask to be released, plaintiff was challenging legality of his conviction and thus if he won the state would be obliged to release him; therefore, the suit is properly classified as an application for habeas corpus and plaintiff must exhaust his state remedies)