9 F.3d 112
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles ARNHOLD, Plaintiff/Appellant,
v.
Kenneth McGINNIS et al., Defendants/Appellees.
 No. 92-2522.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 30, 1993.*
Decided Oct. 14, 1993.
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Pro se plaintiff Charles Arnhold, an inmate at the Dixon Correctional Center, appeals the district court's decision to deny his motion for a temporary restraining order and preliminary injunction, and to grant the defendants' motion to dismiss this Sec. 1983 action. Arnhold claims that his First Amendment right to freely exercise his religion was violated when he mistakenly entered a religious service not of his faith and was refused permission to leave until the service was over. Arnhold further claims that the prison regulation requiring inmates who find themselves in the wrong religious service to remain until the end of that service is an unreasonable infringement of his right to exercise his religious beliefs. We affirm the district court.
 
 I. FACTS
 
 2
 On September 9, 1990, after obtaining a pass, Charles Arnhold went to Building 118 at the Dixon Correctional Center ("Dixon") to attend religious services. When he got there, he realized that the services were not Roman Catholic as had been posted, but were of another denomination. He notified Officer Van Riper that he would like to leave the building. Officer Van Riper informed Arnhold that he could not. Arnhold continued to insist that he did not want to attend a service not of his faith, and requested to speak to someone with higher authority. Lieutenant Hudson then arrived, and advised Arnhold that he would not be allowed to leave Building 118 until the close of services. Arnhold continued to protest that he did not feel comfortable remaining there, as the religion being preached conflicted with his own. Lieutenant Hudson then ordered Arnhold to be seated or face discipline.
 
 
 3
 Arnhold filed a grievance, and a hearing was held. The Grievance Committee found that Arnhold's complaint appeared to have substance, and recommended that the staff "be more conscientious of individual circumstances" in the future. Believing that he was entitled to monetary damages, and that the officers who obliged him to sit through the service should be disciplined, Arnhold appealed the decision to the Administrative Review Board. The Administrative Review Board denied his appeal.
 
 
 4
 Arnhold then filed this civil rights action, claiming that his First Amendment rights had been violated when he was forced to participate in a religious service whose teachings were contrary to the tenets of his faith, and that he was no longer able to attend religious services of his own faith for fear of again being placed in the wrong service and being forced to remain there. He named as defendants Kenneth McGinnis, Richard B. Gramley, Richard Dusing, Edna R. Lee, Lieutenant Kirk Hudson and Officer Laura Van Riper, and sought monetary damages and unspecified injunctive relief.[1] Gramley, Dusing, Lee, Hudson and Van Riper then moved the district court to dismiss Arnhold's suit. Fed.R.Civ.P. 12(b)(6). Arnhold responded, and later filed a motion for a temporary restraining order and preliminary injunction. In support of the motion, Arnhold submitted a document showing that Dixon had adopted an express policy requiring all inmates present at the beginning of a religious service to remain in their seats for the duration of the service, with exceptions made only in emergencies. The district court granted the defendants' motion to dismiss and denied Arnhold's motion for a temporary restraining order and preliminary injunction.
 
 II. ANALYSIS
 
 5
 We review the grant of a Rule 12(b)(6) motion to dismiss de novo. DeSalle v. Wright, 969 F.2d 273, 274 (7th Cir.1992). We accept as true all well-pleaded factual allegations, and view any inferences that may reasonably be drawn from them in the light most favorable to the plaintiff. Id.; Caldwell v. City of Elwood, 959 F.2d 670, 671 (7th Cir.1992). Moreover, we will affirm the dismissal of a complaint only if it appears beyond doubt that no relief may be granted under any set of facts that could be proven consistent with the allegations of the complaint. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Lolling v. Patterson, 966 F.2d 230, 233 (7th Cir.1992).
 
 
 6
 It is well-established that "a prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." Hunafa v. Murphy, 907 F.2d 46, 47 (7th Cir.1990); see Al-Alamin v. Gramley, 926 F.2d 680, 686 & nn. 3-5 (7th Cir.1991) (collecting cases). On the other hand, a prison regulation that impinges on an inmate's First Amendment rights is nevertheless valid "if it is reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). Such interests include inmate security and the proper allocation of limited prison resources. See id. at 348, 352-53; Turner, 482 U.S. at 90; Al-Alamin, 926 F.2d at 686.
 
 
 7
 The district court was correct in holding that Arnhold's complaint does not allege a constitutional violation. An isolated incident of an inmate being detained for security purposes during religious services does not infringe upon that inmate's right to the free exercise of his religion, even if the inmate did not wish to be present at that particular service and was prevented from attending services of his own choosing on that one occasion. Cf. Hadi v. Horn, 830 F.2d 779, 784, 787-88 (7th Cir.1987) (occasional and sporadic cancellation of religious services where other opportunities for worship were provided did not unreasonably impinge inmates' rights). As the district court points out, Arnhold was not required to participate in the religious service in any way, but was merely refused permission to leave during a time when prison officials were occupied with monitoring the arrival of other inmates.[2]
 
 
 8
 Furthermore, Arnhold's facial challenge to the regulation requiring inmates present at the beginning of religious services to remain in the room until the close of services is similarly unavailing. Assuming that this regulation creates an impediment to the free exercise of religion in certain circumstances,[3] it is nevertheless reasonably related to maintaining institutional security and to the proper allocation of limited administrative resources. See O'Lone, 482 U.S. at 351-53; Al-Alamin, 926 F.2d at 686. It is not the role of the courts to require that the occasional stray prisoner who finds himself in the wrong religious service be personally escorted to the right one. See O'Lone, 482 U.S. at 351; Turner, 482 U.S. at 84-85. Moreover, because Arnhold has failed to allege any facts from which it may reasonably be inferred that he will repeatedly be directed to the wrong religious service, the district court's denial of Arnhold's motion for injunctive relief was proper. See Young v. Lane, 922 F.2d 370, 373 (7th Cir.1991) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)).
 
 CONCLUSION
 
 9
 The decision of the district court granting the defendants' motion to dismiss and denying Arnhold's motion for injunctive relief is
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Arnhold's pro se complaint purports to sue each defendant in his or her official and individual capacities, and asserts that the policy prohibiting inmates from leaving a building where a religious service was being held until its completion played a part in violating Arnhold's First Amendment rights. See Hadi v. Horn, 830 F.2d 779, 783 (7th Cir.1987). Kenneth McGinnis, who is no longer employed by the Illinois Department of Corrections, was never served in this case. Arnhold did not attempt to substitute his successor as a defendant
 
 
 [2]
 Since we agree with the district court that there has been no violation of Arnhold's constitutional rights, we need not reach the issue of whether the defendants were entitled to qualified immunity. See Young v. Lane, 922 F.2d 370, 374 & n. 10 (7th Cir.1991)
 
 
 [3]
 The regulation also applies to attendance at educational activities at Dixon, and appears to be a facially neutral rule of general applicability, devoid of any intent to interfere with religious services held at the prison. Cf. Employment Division v. Smith, 110 S.Ct. 1595, 1600 (1990) (citations omitted)