James GRIFFIN, Jr., Plaintiff,

v.

James P. MURPHY, Robert W. Kent, Steve Wellens, and James Zanon, Defendants.

No. 95–C–433.

United States District Court, E.D. Wisconsin.

May 24, 1995.

James Griffin, pro se.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Pro se plaintiff, James Griffin, currently incarcerated at the Green Bay Correctional Institution, has filed an action under 42 U.S.C. § 1983 against the above-named defendants. Mr. Griffin's complaint is accompanied by a petition to proceed in forma pauperis. The petition will be granted to the extent set forth in this decision and order.

In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (d). The court is obliged to give Mr. Griffin's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Vanskike v. Peters,* 974 F.2d 806, 807 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993). Mr. Griffin has filed an affidavit of indigence

disclosing that he is not employed nor does he have substantial assets. His affidavit reveals that he has $42.85 in his prison trust account and $500.00 in his release account. I am satisfied that Mr. Griffin is unable to pay the costs of commencing his action.

■ Mr. Griffin must next establish that his action has merit as required by 28 U.S.C. § 1915(d). An action is frivolous, for purposes of § 1915(d), if there is no arguable basis for relief in law or in fact. *See Denton v. Hernandez,* 504 U.S. 25, 31–33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–1832, 104 L.Ed.2d 338 (1989); *Casteel v. Pieschek,* 3 F.3d 1050, 1056 (7th Cir.1993) (citing *Castillo v. Cook County Mail Room Dep't.,* 990 F.2d 304, 306 (7th Cir.1993)).

The events outlined in Mr. Griffin's complaint all revolve around his placement into control segregation on September 16, 1993. He alleges that in an effort to escort him to control segregation, defendant Wellens handcuffed him and sprayed mace in his face. Leg irons were then placed on him, and he was taken to the shower. After his shower, he was taken to "adjustment segregation unit–1 area room 209" where he allegedly was assaulted by unnamed "staff's [sic] members." According to Mr. Griffin, he was only allowed to wear undershorts while in control segregation, and was provided with nothing more than a mattress. Moreover, his requests to see a nurse in connection with his mace "burns" went unanswered.

In addition, Mr. Griffin complains that the procedure underlying his placement in control segregation was improper. Specifically, he asserts that the notice of his placement into control segregation signed by defendant Kent refers to a conduct report that is not in existence. Further, he insists that he was never provided with a "hearing or review" to determine whether his placement in control segregation was truly warranted.

Next, Mr. Griffin insists that he was "deprived of '*Access to Adequate Legal Participation* in the *Law Library* and to *obtain adequate* amount of his *property* as he *received* in his *prior status* . . . .'" (Complaint at ¶ 20.) (Emphasis in original.)

■ I believe that Mr. Griffin should be permitted to proceed in forma pauperis on his claim that Mr. Kent deprived him of a fair hearing in connection with his placement in control segregation. Specifically, the plaintiff alleges that he was not provided with adequate notice of the charges against him or a hearing. Such allegations, liberally construed, may state a procedural due process claim. *See Wolff v. McDonnell,* 418 U.S. 539, 563–71, 94 S.Ct. 2963, 2978–82, 41 L.Ed.2d 935 (1974).

■ Mr. Griffin will also be allowed to go forward on his claim that Mr. Wellens used excessive force in transporting him to control segregation. His allegations that he was sprayed with mace for no apparent reason, if proved, could state a claim that he was denied his Eighth Amendment right to be free from the unnecessary and wanton infliction of pain and suffering. *See Whitley v. Albers,* 475 U.S. 312, 320–21, 106 S.Ct. 1078, 1084–85, 89 L.Ed.2d 251 (1986) (Eighth Amendment analysis turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.").

■ Mr. Griffin has failed to link any of the named defendants to the remainder of his claims—that he was assaulted in controlled segregation, was given only undershorts to wear, was not permitted to see a nurse despite his requests, and was deprived of access to legal materials. That is, Mr. Griffin has not alleged facts suggesting that any of the named defendants directly caused the alleged misconduct. Liability will not lie against a supervisory official absent a showing of *direct* responsibility for the improper action; in other words, "a causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary." *Wolf–Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir.1983).

In addition, the plaintiff's allegation concerning his access to legal materials (Complaint at ¶ 20) is entirely conclusory. *See White v. White,* 886 F.2d 721, 724 (4th Cir. 1989) (holding that under 28 U.S.C. § 1915(d), even pro se complaints are re-

quired to contain at least "some minimum level of factual support for their claims"). Therefore, these claims will be dismissed, without prejudice, against all of defendants.

Mr. Griffin's complaint does not contain any allegations against defendants Murphy and Zanon. Plaintiff must go beyond placing these defendants' names on the face of the complaint if he expects to be awarded damages against them. *See Black v. Lane,* 22 F.3d 1395, 1401 n. 8 (7th Cir.1994). Further, a claim against an official in his official capacity should identify the policy or practice responsible for the harm alleged in the complaint. *See Caldwell v. City of Elwood,* 959 F.2d 670, 673 (7th Cir.1992). Here, the plaintiff has failed to make any allegations suggesting that a policy or practice was responsible for the harm he allegedly suffered. Accordingly, all claims will be dismissed against Mr. Murphy and Mr. Zanon.

The United States Marshal will be directed to serve a copy of the complaint, the summons and this order upon Mr. Kent and Mr. Wellens. However, Mr. Griffin is reminded that he is required under Rule 5(a), Federal Rules of Civil Procedure, to serve upon the defendants or, if an appearance is entered by counsel, upon counsel, a copy of *every* pleading, motion or other paper he files with the court. The plaintiff should retain a copy of each document for his own files. If Mr. Griffin does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents. In addition, the plaintiff is obligated to demonstrate that he has complied with the service requirements by filing a certificate of service with his papers. Rule 5(c), Federal Rules of Civil Procedure. Failure to comply with these instructions may result in the court's disregarding such pleadings, motions or other papers.

## ORDER

Therefore, IT IS ORDERED that, pursuant to 28 U.S.C. § 1915(d), Mr. Griffin's petition for leave to proceed in forma pauperis be and hereby is granted to the extent that Mr. Griffin may proceed against Robert Kent on his procedural due process claim and against Steve Wellens on his Eighth Amendment excessive force claim.

IT IS ALSO ORDERED that, pursuant to 28 U.S.C. § 1915(d), all of Mr. Griffin's remaining claims be and hereby are dismissed, without prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(c), the United States Marshal be and hereby is directed to serve a copy of the complaint, the summons and this order upon Mr. Kent and Mr. Wellens.

IT IS FURTHER ORDERED that Mr. Griffin be and hereby is directed to serve upon the defendants, or defendants' counsel, all pleadings, motions or other papers filed with the court.