William McNEIL, Plaintiff–Appellant,

v.

Michael P. LANE, Michael O'Leary, and Jack Boles, Defendants–Appellees.

No. 91–2693.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 16, 1993.

Decided Feb. 24, 1993 *.

Opinion Jan. 31, 1994.

William McNeil, pro se.

* This appeal was originally decided by unreported order on February 24, 1993. *See* Cir.R. 53. At the request of the Attorney General of the State of Illinois, the Court has subsequently decided to issue the decision as an opinion.

Robert G. Toews, Office of the Atty. Gen., Chicago, IL, for defendants-appellees.

Before CUMMINGS, CUDAHY, and MANION, Circuit Judges.

CUMMINGS, Circuit Judge.

William McNeil, who is currently incarcerated at the Stateville Correctional Center in Joliet, Illinois, filed a lawsuit pursuant to 42 U.S.C. § 1983, against Michael P. Lane, the former Director of Correctional Centers in Illinois, Michael O'Leary, the Warden at Stateville, and Jack Boles, the Superintendent of Cell House B East, where McNeil's cell is located. McNeil alleged in his complaint that the defendants, by placing him in a cell in close proximity to asbestos-covered pipes, violated his right under the Eighth and Fourteenth Amendments to be free from cruel and unusual punishment. The district court dismissed McNeil's complaint for failure to state a claim upon which relief can be granted, see Fed.R.Civ.P. 12(b)(6), and subsequently denied his motion for reconsideration, see Fed.R.Civ.P. 59(e). McNeil appeals, and we affirm.

As an appellate court, we review the grant of a motion to dismiss de novo, Caldwell v. City of Elwood, 959 F.2d 670, 671 (7th Cir. 1992), viewing all the facts alleged in the complaint, as well as any inferences reasonably drawn from them, in a light most favorable to the plaintiff. Ross v. Creighton Univ., 957 F.2d 410, 411 (7th Cir.1992). We will dismiss a complaint for failure to state a claim upon which relief can be granted only if it appears beyond a doubt "that the plaintiff cannot establish any set of facts which would entitle him to the relief requested." Mosley v. Klincar, 947 F.2d 1338, 1339 (7th Cir. 1991). Moreover, we construe McNeil's complaint liberally, for he proceeds pro se. Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).

■ To state a claim under the Eighth Amendment that his right to be free from cruel and unusual punishment has been violated, McNeil must allege facts that, if true, would satisfy both prongs of a bifurcated test. First, he must allege that, objectively, the conditions were serious enough to be considered cruel and unusual. Second, from a subjective point of view, he must allege that the defendants acted with a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, ——, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991); Steading v. Thompson, 941 F.2d 498, 499–500 (7th Cir.1991), certiorari denied, —— U.S. ——, 112 S.Ct. 1206, 117 L.Ed.2d 445 (1992). As the district court found, McNeil's complaint fails to satisfy the second prong of this test.

■ McNeil alleges that the defendants allowed asbestos-covered pipes to exist directly outside of his cell, and that the defendants told him they could not transfer him to another cell. These allegations are insufficient to establish that the defendants acted maliciously, intending to punish or injure him, such as by causing asbestos particles to be released into the air in his cell. Indeed, McNeil's allegations are insufficient to establish that the defendants acted with even the minimum level of culpability sufficient to trigger the Eighth Amendment's protection against cruel and unusual punishment, deliberate indifference. See Helling v. McKinney, —— U.S. ——, ——, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993); Duane v. Lane, 959 F.2d 673, 676 (7th Cir.1992). That the defendants did not remove the asbestos-covered pipes or transfer McNeil to a different cell is not enough to establish deliberate indifference. Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 318, 106 S.Ct. 1078, 1083, 89 L.Ed.2d 251 (1986); Campbell v. Greer, 831 F.2d 700, 702 (7th Cir.1987). To state a claim under the Eighth Amendment, McNeil must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for McNeil's welfare in the face of serious risks. See Helling, —— U.S. at —— – ——, 113 S.Ct. at 2481–82; McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991), certiorari denied, —— U.S. ——, 112 S.Ct. 1265, 117 L.Ed.2d 493 (1992). McNeil's complaint falls short of meeting this standard.

Nor does McNeil's complaint allege facts sufficient to establish that the conditions in the prison were serious enough to be considered cruel and unusual. For a condition in a prison to violate the Eighth Amendment, it must result in "unquestioned and serious deprivations of basic human needs," or "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981); *Jamison–Bey v. Thieret,* 867 F.2d 1046, 1048 (7th Cir.1989); *Meriwether v. Faulkner,* 821 F.2d 408, 416 (7th Cir.), *certiorari denied,* 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). McNeil alleges that he was exposed to asbestos while in his cell over a period of ten months. He does not allege facts sufficient to establish that he was exposed to unreasonably high levels of asbestos. Had, for example, McNeil been forced to stay in a dormitory where friable asbestos filled the air, *see Powell v. Lennon,* 914 F.2d 1459 (11th Cir. 1990), we might agree that he states a claim under the Eighth Amendment. *Cf. Helling,* —— U.S. at ——, 113 S.Ct. at 2480 (facts alleged were sufficient to establish that prisoner was exposed to levels of environmental tobacco smoke that posed unreasonable risk of serious damage to his future health). That, however, is not this case. As the district court noted in its order dismissing McNeil's complaint, it is unfortunate, but the fact remains that asbestos abounds in many public buildings. Exposure to moderate levels of asbestos is a common fact of contemporary life and cannot, under contemporary standards, be considered cruel and unusual. *See Meriwether,* 821 F.2d at 416.

Because the conduct of which McNeil complains does not rise to the level of a violation of the Eighth Amendment it is unnecessary to address whether McNeil has met the remaining elements necessary to state a claim under 42 U.S.C. § 1983. The district court's judgment dismissing McNeil's complaint is AFFIRMED.