67 F.3d 301
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Henry F. ENRIQUEZ, Larry J. Cullum, Benjamin C. Smith,
Plaintiffs-Appellants,
v.
Kathleen M. HAWK, Director, Bureau of Prisons, Patrick W.
Keohane, Warden, R.L. White, Unit Manager, et al.,
Defendants-Appellees.
 Nos. 94-2775, 94-2778 and 94-2802.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 27, 1995.*
Decided Sept. 29, 1995.
 
 Before CUMMINGS, PELL and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Appellants Henry F. Enriquez, Larry J. Cullum and Benjamin C. Smith, all former inmates at the federal penitentiary at Terre Haute,[1] brought Bivens[2] actions against appellee prison officials. The appellants claimed that the appellees violated the appellants' Eighth Amendment rights by exposing them to asbestos. The district court granted summary judgment to the appellees. We affirm.
 
 FACTS
 
 2
 Appellants maintain that dangerous levels of airborne asbestos were present in the housing units and laundry of the prison from late 1992 until their transfers from the prison. Appellants further maintain that appellees were repeatedly advised of the situation, yet forced appellants to remain in the dangerous conditions. Appellants allege that the exposure has already made them ill, and that their illnesses will get worse over time. All three appellants are proceeding against Patrick Keohane,[3] then Warden of the prison; Ronald White, Unit Manager; Neil Robinson, Case Manager; Randall Vastlik, Safety Manager; and M.M. Fields, Facility Manager[4]. All parties agree that asbestos can be hazardous if improperly handled or maintained and that there is a large quantity of asbestos in the prison, as is the case with many federal buildings.
 
 
 3
 Judge McKinney granted summary judgment to the appellees in all three cases on largely identical grounds. First, that appellants failed to prove the required subjective intent on the part of the appellees that is required to show an Eighth Amendment violation. Second, that appellants failed to establish the existence of dangerous levels of asbestos. Judge McKinney concluded that the appellants' affidavits were not sufficient to establish the existence of hazardous airborne[5] asbestos, given that the appellants had no relevant training or experience dealing with asbestos. Judge McKinney noted EPA regulations that indicate asbestos can only be positively identified with a laboratory analysis. (Case No. 94-2775, Order of July 6, 1994, pp. 3-4). Judge McKinney further noted the objective medical evidence in the record refuted appellants' claims regarding asbestos-related illness.
 
 ANALYSIS
 
 4
 This court reviews the grant of summary judgment de novo. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is proper when the pleadings, affidavits and other submissions before the district court show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Supporting and opposing affidavits must be made on personal knowledge, state facts that would be admissible as evidence, and must show the affiant is competent to testify as to the matters stated in the affidavit. Fed.R.Civ.P. 56(e). Speculation and conjecture, absent factual support, do not satisfy the requirements of Rule 56(e). See Karazanos v. Navistar Int'l Transp. Corp., 948 F.2d 332, 337 (7th Cir.1991). See also Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572 (7th Cir.1989). The moving party is not required to show a fact necessary to plaintiff's case is not true, but only that the plaintiff has not presented adequate evidence that the fact is true. Wilson v. Williams, 997 F.2d 348, 350 (7th Cir.1993).
 
 
 5
 "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 114 S.Ct. 1970, 1974 (1994). Eighth Amendment claims are evaluated under a two part analysis; the prisoner must show both that the prison's conditions were objectively serious enough to be considered cruel and unusual ("objective prong") and that the prison officials acted with a subjectively culpable state of mind ("subjective prong"). McNeil v. Lane, 16 F.3d 123, 124 (7th Cir.1994). As to the objective prong, that a prison contains asbestos is not cruel and unusual, in that asbestos is present in many public buildings and the difficulties it presents is a "fact of contemporary life." Id. at 125. However, this court has acknowledged that a prisoner might be able to state an Eighth Amendment claim if "forced to stay in a dormitory where friable asbestos filled the air." Id. As to the subjective prong, a prison official cannot be liable under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Farmer, 114 S.Ct. at 1979.
 
 
 6
 As noted by the district court, the appellants have not satisfied the objective prong of the test. The only evidence of asbestos being released into the air was the appellants' affidavits. As airborne asbestos fibers are invisible[6], and laboratory analysis is required to positively identify asbestos, these affidavits are inadequate to create an issue of fact.[7] The gist of the affidavits is that appellants saw dust that periodically covered areas of the prison. The appellants concluded, without any discernable basis, that the dust was asbestos. As noted by the district court and appellees, there is nothing mysterious, or ominous, about dust in a fifty-year old federal prison.
 
 
 7
 The appellants' claims also founder on the subjective prong of the test. Even presuming the appellants conveyed their warnings about asbestos to the prison officials exactly as they described,[8] the appellants have failed to show deliberate indifference on the part of the appellees. It is undisputed that the prison has an extensive asbestos abatement program, administered by Safety Manager Vastlik, which provides for regular inspections.[9] Further, the prison passed asbestos inspections by both the Occupational Safety and Health Administration and the Indiana Department of Environmental Management. (Case No. 94-2802, Record # 36, Exhibits B & L). In addition, Vastlik has indicated that he investigates areas that inmates complain are contaminated with asbestos. (Case No. 94-2802, Record # 36, Exhibit B p. 7(c)).
 
 
 8
 Further, it is undisputed that most of the appellees have no training regarding asbestos and have no asbestos-related responsibilities other than reporting asbestos-related problems to the appropriate official--Vastlik. That these officials would rely on Vastlik's technical analysis and the inspections of government agencies, which indicated no problem existed, is not indicative of deliberate indifference. Vastlik himself is entitled to rely on his own technical analysis rather than the layman opinions of the inmates.[10]
 
 
 9
 AFFIRMED[11].
 
 
 
 *
 After a preliminary examination of the briefs, the court notified the parties that it had tentatively concluded oral argument would not be helpful to the Court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 All were subsequently transferred to the federal correctional facility in Florence, Colorado. Enriquez is currently on parole
 
 
 [2]
 See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The three appeals were consolidated for briefing and disposition by this court's order of August 25, 1994
 
 
 [3]
 Kathleen Hawk, the Director of the Bureau of Prisons, was dismissed for lack of personal jurisdiction in all three cases. This holding has not been challenged by the appellants on appeal
 
 
 [4]
 Appellant Enriquez is also proceeding against Sherman Cheathem, Laundry Plant Manager; G. Theisz, Laundry Foreman; Larry Benton, Inmate Services Supervisor; and Fred Crockett, Staff Physician. Appellant Cullum is also proceeding against Terra Tracey, Unicor Manager; Steve Ashley, Unicor Assistant Factory Manager; and Harold Megenhardt, Unicor Maintenance Supervisor
 
 
 [5]
 Asbestos containing materials ("ACMs") are not generally hazardous, particularly when they are properly encapsulated in a containment medium. Asbestos is only hazardous when the ACM becomes damaged and the "friable" asbestos is released into the air where it can be breathed
 
 
 [6]
 See United States v. Midwest Suspension & Brake, 49 F.3d 1197, 1204 (6th Cir.1995)
 
 
 [7]
 Appellants' reliance on Powell v. Lennon, 914 F.2d 1459 (11th Cir.1990) is misplaced. Powell dealt with a motion to dismiss, not the adequacy of the prisoners' proof. Further, in Powell the EPA had fined the prison for asbestos violations. Thus, dangerous levels of asbestos had been shown to exist
 
 
 [8]
 Appellants are rather vague as to whom they conveyed their complaints and in what manner
 
 
 [9]
 Appellants' contentions regarding the prison hiring outside contractors to contain or remove asbestos during renovation is irrelevant. The prison conceded the existence of asbestos and an ongoing policy of dealing with it
 
 
 [10]
 The court further notes that the prison officials who direct the inmates in the laundry and Vastlik himself work in the same areas as the inmates, and do so without protective equipment. If the appellees were conspiring to release asbestos in these areas, they would be poisoning themselves as well as the prisoners. Given that some of the inmate affidavits described the white "asbestos" dust as covering the ground "like snow," it would seem an obvious hazard the prison officials would avoid if they were aware of it
 
 
 [11]
 Also pending is the appellees' motion to strike evidentiary materials that the appellants attached to their reply brief. As this material was not presented to the district court, the motion is granted. Further, appellants' arguments regarding discovery are meritless. The difficulty was not that the district court denied appellants discovery, but that the appellants refused to follow the district court's orders and instead attempted to obtain materials ex parte