68 F.3d 477
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Vances H. SMITH, Plaintiff-Appellant,
v.
Gary McCAUGHTRY and Patrick Fiedler, Defendants-Appellees.
 No. 95-1045.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 26, 1995.*
Decided Oct. 10, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Vances H. Smith is an inmate at the Waupun Correctional Institution (WCI), which is part of the Wisconsin Department of Corrections. Smith, and Jeffery Steiner, who is not a party to this appeal, brought a civil action, pursuant to 42 U.S.C. Sec. 1983, against McCaughtry, the WCI warden, and Fiedler, who at the time of the suit was the Secretary of the Department of Corrections. Smith has alleged a violation of his Eighth Amendment right to be free from cruel and unusual punishment. His complaint is based upon the assertion that he is exposed to asbestos in the air at the prison and contaminants in the drinking water. The district court granted Defendants' motion for summary judgment and Smith brings this appeal.
 
 
 2
 In order to prevail upon an Eighth Amendment claim based upon the conditions of one's incarceration a prisoner must satisfy a two part test: "First, he must allege that, objectively, the conditions were serious enough to be considered cruel and unusual. Second, from a subjective point of view, he must allege that the defendants acted with a sufficiently culpable state of mind." McNeil v. Lane, 16 F.3d 123, 124 (7th Cir.1994); see also Wilson v. Sieter, 111 S.Ct. 2321, 2324 (1991). If the plaintiff fails to make a showing with regard to either leg of this test the defendant must prevail.
 
 
 3
 In the present case Smith has failed to come forward with any evidence from which a jury could conclude that McCaughtry or Fiedler acted with a sufficiently culpable state of mind. It was upon this basis that the district court correctly granted summary judgment. In order to satisfy the subjective component of the two part test, a prisoner must establish that an official was deliberately indifferent to a substantial risk of serious harm. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). The Supreme Court recently held that for an official to be deemed deliberately indifferent he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994). Smith has failed to make the requisite showing to survive summary judgment under this test.
 
 
 4
 In their summary judgment motion Defendants' presented their own affidavits. Fiedler and McCaughtry each stated that to the best of their knowledge all asbestos in the prison is safely maintained. In addition, McCaughtry stated that to the best of his knowledge the WCI drinking water is in compliance with government standards, while Fiedler maintained that he has no personal knowledge of the water supply system. Because Smith has the ultimate burden of persuasion at trial to establish the mental state of each Defendant, the above affidavits put the burden upon Smith to set forth "specific facts" demonstrating that "there is sufficient evidence ... for a jury to return a verdict" in his favor. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 249 (1986), Fed.R.Civ.P. 56(e). Smith has not satisfied this burden.
 
 
 5
 Everything that Smith presents in his opposition to the Defendants' motion involves evidence regarding the presence of asbestos in the air and contaminants in the drinking water. Even if this evidence established the existence of unhealthful conditions, it provides nothing from which a factfinder could make any conclusion regarding McCaughtry's or Fiedler's mental state. Although "[t]he burden of establishing a matter of intent is always difficult," Scheib v. Grant, 22 F.3d 149, 155 (7th Cir.1994), cert. denied, 115 S.Ct. 320 (1994), "summary judgment will not be defeated simply because issues of motive or intent are involved, and is proper when plaintiff fails to indicate any motive or intent to support plaintiff's position." Morgan v. Harris Trust and Sav'g Bank, 867 F.2d 1023, 1026 (7th Cir1989).
 
 
 6
 While the above indicates that Smith lacks evidence to support an essential element of his claim and is thus a sufficient ground upon which to grant summary judgment, we also wish to point out that with regard to the issue of contaminants in the drinking water Smith has not even presented evidence from which he could satisfy the objective component of the two part test. It is true that prison conditions that could cause serious health problems in the future can provide the basis for an Eighth Amendment claim. Helling v. McKinney, 113 S.Ct. 2475, 2480 (1993). In the present case, however, Smith has presented no evidence from which one could conclude that the water that he drinks presents such a risk. Defendants presented the affidavit of Eugene Nimmer, WCI's Superintendent of Buildings and Grounds, that states that the water supply at WCI is regularly tested and that it contains no unacceptable levels of any contaminants. This shifted the burden to Smith to come forward with specific facts showing a genuine dispute upon this point.
 
 
 7
 Smith has come forward with evidence regarding the presence of some chemicals in some water that is somewhere at WCI. He also has presented a stipulated judgment entered into between the Wisconsin Department of Corrections and the State of Wisconsin regarding toxic waste upon WCI's grounds. However, he has not presented any evidence that his health is in any danger. The test showing lead in the drinking water was taken in 1989. This tells us nothing about the present level of lead in the drinking water. Moreover, even if the lead levels were above federal requirements, it does not automatically follow that these conditions create a health hazard that amounts to an Eighth Amendment violation. The other tests show the presence of various chemicals. Even if we assume that these chemicals were present in the water that Smith drinks, a fact that he has not established, he has not presented evidence regarding the health effects of these chemicals.
 
 
 8
 With respect to the law suit against the Department of Corrections and evidence that the Department has not complied with the consent judgment, even if this establishes that the Department has acted improperly, this evidence establishes nothing with regard to any health risk facing Smith. Because he would have the burden of establishing such at trial, his failure to produce evidence upon this point in response to Defendants' initial showing requires the entry of summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 9
 Finally, a comment is in order regarding Smith's showing regarding the presence of dangerous asbestos in the prison. Unlike the situation involving the presence of toxins in the drinking water, we do not find that Defendants would necessarily prevail at the summary judgment stage, based upon their initial showing and Smith's response, upon the narrow issue of whether the condition of the asbestos in the prison satisfies the objective leg of the two part test. We do not mean to imply that Smith has in fact established that there is hazardous asbestos in the prison or even that he has presented a triable issue upon this point. Rather, based upon the record presented we cannot say that he would lose upon this point as we can with regard to toxins in the drinking water. Because as noted above, Smith's failure to establish the subjective element of his claim requires the entry of summary judgment for Defendants irrespective of whether Smith could show objectively that his incarceration conditions were hazardous, we make no further inquiry or finding regarding the asbestos issue.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the briefs and the record