77 F.3d 484
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Juan A. CONTRERAS and James D. Thornbrugh, Plaintiffs-Appellants,
v.
Kathleen M. HAWK, Director, Bureau of Prisons, Patrick W.
Keohane, Warden, et. al., Defendants-Appellees.
 Nos. 95-1810, 95-2126.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 24, 1996.*
Decided Feb. 14, 1996.
 
 Before FAIRCHILD, Circuit Judge, COFFEY, Circuit Judge, and DIANE P. WOOD, Circuit Judge.
 
 ORDER
 
 1
 Two former inmates at the federal penitentiary at Terre Haute[1] brought respective Bivens[2] actions against various prison officials. In both cases, the inmates alleged that defendant officials violated their Eighth Amendment rights by exposing them to asbestos. In both cases, the district court granted summary judgment in favor of defendants. We have consolidated the two appeals for disposition in a single order, and we affirm.
 
 BACKGROUND
 
 2
 Plaintiffs Juan A. Contreras and James D. Thornbrugh alleged that dangerous levels of airborne asbestos were present in the housing units and laundry of the prison from late 1992 until their transfers from the prison in early 1994. They further alleged that defendants were repeatedly advised of the situation, yet forced them to remain in the dangerous conditions. Contreras and Thornbrugh allege that the exposure has already made them ill, and that their illnesses will get worse over time. Contreras and Thornbrugh are proceeding against Patrick Keohane, then Warden of the prison;[3] Charles Garner, Foreman Safety Manager; Randall Vastlik, Safety Manager; M.M. Fields, Facility Manager; Carl Hackel, Facility Manager; Larry Benton, Inmate Systems Manager; and Fred Crockett, Bureau of Prisons Doctor.[4] All parties agree that asbestos can be hazardous if improperly handled and that a large quantity of asbestos exists in the prison, as is the case with many federal buildings.
 
 
 3
 The district court granted summary judgment in favor of defendants in both cases on identical grounds. The court explained that neither Contreras nor Thornbrugh had identified a triable issue concerning (1) his exposure to toxic levels of asbestos; (2) defendants' failure to act responsibly in relation to actual or suspected asbestos-containing materials ("ACMs") at the prison, or (3) the highly culpable state of mind of defendants that is required to show an Eighth Amendment violation. Further, Judge Tinder found that because Contreras and Thornbrugh lacked relevant experience dealing with asbestos, their own affidavits were insufficient to establish the existence of hazardous airborne[5] asbestos. Consequently, the court concluded that there had been no cruel and unusual punishment, and defendants' conduct did not rise to the level of a violation of the Eighth Amendment.
 
 DISCUSSION
 
 4
 We review the grant of summary judgment de novo. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is proper when the pleadings, affidavits, and other submissions before the district court show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Supporting and opposing affidavits must be made on personal knowledge, state facts that would be admissible as evidence, and must show the affiant is competent to testify about the matters stated in the affidavit. Fed.R.Civ.P. 56(e).
 
 
 5
 "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 114 S.Ct. 1970, 1974 (1994). Eighth Amendment claims are evaluated under a two-part analysis; the prisoner must show both that the prison's conditions were objectively serious enough to be considered cruel and unusual ("objective prong") and that the prison officials acted with a subjectively culpable state of mind ("subjective prong"). McNeil v. Lane, 16 F.3d 123, 124 (7th Cir.1993). As to the objective prong, the mere presence of asbestos in a prison does not violate the Eighth Amendment; "[e]xposure to moderate levels of asbestos is a common fact of contemporary life and cannot, under contemporary circumstances, be considered cruel and unusual." Id. at 125. As to the subjective prong, a prison official cannot be liable under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Farmer, 114 S.Ct. at 1979.
 
 
 6
 Contreras and Thornbrugh have not satisfied the objective prong of the test. The only evidence of asbestos being released into the air was their own affidavits, as well as affidavits from other inmates, asserting that dust periodically covered areas of the prison, and that this dust was asbestos. However, given that airborne asbestos fibers are invisible, see United States v. Midwest Suspension & Brake, 49 F.3d 1197, 1204 (6th Cir.1995), and laboratory analysis is required to positively identify asbestos, see 29 C.F.R. § 1910.1001 (App. A), these affidavits are inadequate to create a triable issue of fact.[6]
 
 
 7
 Contreras and Thornbrugh also failed to satisfy the subjective prong of the test. Even presuming that both men conveyed their warning about asbestos to the prison officials precisely as they asserted,[7] Contreras and Thornbrugh have failed to show deliberate indifference on the part of defendants. It is undisputed that the prison has an extensive asbestos abatement program, administered by Safety Manager Vastlik, which provides for regular inspections. (Case No. 95-2126, Record # 30, Decl. of Randall J. Vastlik, paras. 4-6, Ex. E to Defendants' Motion for Summary Judgment.) Moreover, in November 1993, the prison passed asbestos inspections by both the Occupational Safety and Health Administration and the Indiana Department of Environmental Management. (Case No. 95-2126, Record # 30, Attachments B & C to Decl. Randall J. Vastlik, Ex. E to Defendants' Motion for Summary Judgment.)
 
 
 8
 Finally, it is undisputed that most of defendants have no training concerning asbestos and have no asbestos-related responsibilities other than reporting asbestos-related problems to the appropriate official--Vastlik. That these officials would rely on Vastlik's technical analysis and the inspections of government agencies, which found no violations, does not reflect deliberate indifference.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties in both appeals that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statements having been filed, these appeals are submitted on the briefs and the records
 
 
 [1]
 Both were subsequently transferred to the federal correctional facility in Florence, Colorado. Thornbrugh was confined at the United States Penitentiary ("USP")--Terre Haute between October 19, 1989 and February 24, 1994, with the exception of a brief period (five weeks) in mid-1992. Contreras was confined at the USP-Terre Haute from January 23, 1991 to February 24, 1994
 
 
 [2]
 Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)
 
 
 [3]
 In both lawsuits, the district court expressly held that it lacked personal jurisdiction over Kathleen Hawk, the Director of the Bureau of Prisons. However, in making these rulings, the district court never examined whether Hawk's conduct fell within the Indiana long-arm statute, see Indiana Trial Rule 4.4, or whether she had sufficient minimum contacts with Indiana. See Lee v. Goshen Rubber Co., 635 N.E.2d 214, 216-17 (Ind.Ct.App.1994) (quoting Tietloff v. Lift-A-Loft Corp., 441 N.E.2d 986 (Ind.Ct.App.1982)). Although we have concerns about the court's analysis in declining to exercise personal jurisdiction over Director Hawk, we need not resolve these issues here in light of our holding that Contreras and Thornbrugh suffered no violation of their Eighth Amendment rights
 
 
 [4]
 Contreras is also proceeding against Ronald White, Unit Manager, and Ray Mishon, Case Manager. Thornbrugh is also proceeding against Thomas Kindt, Former Warden; Jeffrey Clark, Warden; G. Pickard, Unit Manager; D. Heady, Case Manager; E. White, Counselor; and Cheatum, Laundry Foreman
 
 
 [5]
 ACMs are not generally hazardous, particularly when they are properly encapsulated in a containment medium. Asbestos is only hazardous when the ACM becomes damaged and the "friable" asbestos is released into the air where it can be breathed
 
 
 [6]
 Contreras' and Thornbrugh's reliance on Powell v. Lennon, 914 F.2d 1459 (11th Cir.1990) is misplaced. Powell dealt with a motion to dismiss, not the adequacy of the prisoners' proof. Furthermore, the Environmental Protection Agency in Powell had fined the prison for numerous violations during the removal of asbestos from the inmates' dormitory; thus dangerous levels of asbestos had been shown to exist. In fact, this court, citing Powell, has acknowledged that a prisoner might be able to state an Eighth Amendment claim if "forced to stay in a dormitory where friable asbestos filled the air." McNeil, 16 F.3d at 125
 
 
 [7]
 Contreras and Thornbrugh are rather vague as to whom they conveyed their complaints and in what manner