85 F.3d 631
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Edward PAYNE, Plaintiff-Appellant,
v.
Anthony HARVEY, Eugene Masching, James Blackard, and Benny
Dallas, Defendants-Appellees.
 No. 95-2557.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 30, 1996.*
Decided April 30, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Edward Payne filed suit under 42 U.S.C. § 1983 against officials at Pontiac Correctional Center for excessive force and denial of medical treatment. The defendants were granted summary judgment on Payne's medical treatment claim, and a jury returned a verdict against Payne on the excessive force claim. Payne appeals. We affirm.
 
 
 2
 Payne's claim is based upon an incident that occurred April 24, 1992. According to Payne, defendants needlessly used excessive force against him when they were cuffing him before searching his cell; he accused eleven correctional officers of banging his head against the bars, kicking, stomping, and choking him, spraying Mace in his face, and calling him names. Payne further alleged that he was denied necessary medical treatment after the incident. The defendants claimed that any force exerted was necessary for security purposes because Payne refused to be cuffed, offered physical resistance, and eventually attacked the officers. The district court granted summary judgment on the medical treatment claim because none of the defendants involved in the case had any responsibility for Payne's medical treatment, and it granted summary judgment on the excessive force claim to several defendants who could not have been involved with the incident because they were not assigned to the area or were not at work on the date in question. The jury decided the excessive force claim in favor of the remaining defendants.
 
 
 3
 Payne raises numerous claims on appeal. Many, however, are simply listed in the "Questions Presented for Review." Because these allegations (defense counsel's misconduct, the court's failures to rule on plaintiff's motions, absence of a party at arbitration hearings, the jury's attentiveness, composition, and impartiality, the propriety of the jury instructions, and the defendants' use of racial epithets) are either unintelligible or unsupported by any argument, they are waived. See United States v. South, 28 F.3d 619, 629 (7th Cir.1994) (when appellant offers no argument in support of his allegations, the argument is waived because such "nonchalant treatment ... leads us to conclude that he considers the inquiry of little consequence"); United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir.) (This court has repeatedly "made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."), cert. denied, 502 U.S. 845 (1991); Fed.R.App.P. 28(a).
 
 
 4
 Several of Payne's other issues attack the jury verdict denying his excessive force claim. He challenges the jury's determination about the facts of the incident, asserting that the degree of force was inappropriate to the circumstances, that the guards had decided to "punish" him, that the record testimony established that his description of the incident was accurate, and that defense witnesses committed perjury. It is the province of the jury, however, to determine facts and weigh the credibility of the evidence. See Jones v. Webb, 45 F.3d 178, 182 (7th Cir.1995); Richardson v. Consolidated Rail Corp., 17 F.3d 213, 217 (7th Cir.1994); Hoffa v. United States, 385 U.S. 293, 311 (1966). We will not disturb the jury's decision absent sufficient evidence of error in the trial process.
 
 
 5
 Payne further challenges the grant of summary judgment to defendants on his medical treatment claim. We review a grant of summary judgment de novo. Smith v. Shawnee Library System, 60 F.3d 317, 320 (7th Cir.1995). Summary judgment is appropriate when the district court determines from the pleadings, affidavits, and other submissions that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A requirement for both a § 1983 action and an Eighth Amendment claim, however, is personal involvement by the defendants. See 42 U.S.C. § 1983; Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991); McNeil v. Lane, 16 F.3d 123, 124 (7th Cir.1994). None of the defendants in this action were responsible for Payne's medical treatment beyond delivering Payne to the prison hospital. Because the defendants were not involved with any alleged denial of medical care, the district court properly granted summary judgment in their favor.
 
 
 6
 Payne also challenges the district court's refusal to request counsel to represent him. The decision whether to request counsel for an indigent civil litigant is within the district court's discretion, 28 U.S.C. § 1915(d); we review the district court's decision for abuse of discretion, "which we shall override only in that extreme case in which it should have been plain beyond doubt before the trial began that the difficulty of the issues relative to the capabilities of the litigant would make it impossible for him to obtain any sort of justice without the aid of a lawyer." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir.), cert. denied, 114 S.Ct. 438 (1993). The proper question is: "given the difficulty of the case, did the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel have made a difference in the outcome?" Id. at 322. Here we cannot conclude that it was unreasonable for the district court to conclude Payne was competent to try his case himself. The case had no complex law or evidentiary issues and eventually became a swearing contest in which the jury made the ultimate decision. We find no abuse of discretion.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Because the appellees declined to file a brief the appeal is submitted on the plaintiff's brief and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)