89 F.3d 838
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony JONES, Plaintiff-Appellant,
v.
James WILLIAMSON & Martin Yallaly, Defendants-Appellants.
 No. 94-2897.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 17, 1996.*
Decided June 19, 1996.
 
 Before POSNER, Chief Judge, and PELL and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Anthony Jones, a state prisoner acting pro se, filed suit against officials at the Menard Psychiatric Center, claiming that James Williamson, his counsellor, violated his First and Fourteenth Amendment rights by confiscating his mail, and Warden Martin Yallaly violated his Eighth Amendment rights by ordering officers to bang on the bars of his cell daily. 42 U.S.C. § 1983. After Jones sought leave to proceed in forma pauperis, the district court issued an order apparently dismissing the first amendment count as frivolous within the meaning of 28 U.S.C. § 1915(d).[1] The parties then consented to have a magistrate judge hear the remaining claim. 29 U.S.C. § 636(c). The magistrate judge granted summary judgment to defendants. We affirm in part, and remand in part.
 
 
 2
 Jones, who is homosexual, first argues that the district court wrongly dismissed as frivolous his charge (Count 1) that counsellor Williamson refused to let Jones have a letter sent to him by the Illinois Gay and Lesbian Task Force. If that is in fact what the district court did, we agree. The record strongly suggests, however, that the district court intended to let Jones proceed with Count 1 of his complaint.
 
 
 3
 In considering Jones' application to proceed in forma pauperis, the district court noted that Jones had previously filed a different suit, apparently identical to Count 1 of the instant complaint, which was dismissed under 28 U.S.C. § 1915(d) as premature. Nonetheless, the court did not find that this was a reason to dismiss Count 1:
 
 
 4
 "Count # 2 will be dismissed, but plaintiff will be able to proceed with Count # 1. The court is troubled by plaintiff's failure to mention [the previous suit] in the section of the complaint dedicated to prior litigation. Nonetheless, his Count # 1 appears to have some arguable basis, and it will be permitted to proceed."
 
 
 5
 The district court then proceeded to analyze Count 2 under our Eighth Amendment case law, concluding that it was legally insufficient because Jones could not show that defendants acted with the requisite intent.
 
 
 6
 Despite this analysis, the order concluded by dismissing Count 1 as frivolous,[2] while permitting Count 2 to proceed. Both the parties and the magistrate judge took this conclusion at face value, and continued to litigate the conditions-of-confinement claim.[3] Nonetheless, given its context, it seems likely that the conclusion to the district court's order was a typographical error, and the parties spent the next two years litigating the wrong claim. While we express no opinion on Jones' ability to succeed on the merits of his claim that prison officials wrongly confiscated mail from a gay rights organization, there is nothing in the record which suggests that his complaint lacks an arguable basis in law or fact. Talley v. Lane, 13 F.3d 1031, 1033 (7th Cir.1994) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). Accordingly, we reverse the order of the district court as written, and remand for reconsideration.
 
 
 7
 We agree that Jones' Eighth Amendment claim lacks merit. To prove that official conduct created conditions of confinement which violate the Eighth Amendment, a prisoner must establish that his custodians "possessed a total unconcern for [his] welfare in the face of serious risks." McNeil v. Lane, 16 F.3d 123, 124 (7th Cir.1993). Warden Yallaly submitted an affidavit explaining that correctional officers at the Psychiatric Center follow a twice-daily schedule of rapping cell bars to ensure that inmates are not cutting through them as a means of escape. Jones countered that prison officials should have known that such noise would be distressing to mentally disturbed inmates. Given the great deference to which prison administrators are entitled in adopting policies necessary to maintain institutional security, Whitley v. Albers, 475 U.S. 312, 321-22 (1987), we find that Jones has not shown that defendants acted with a sufficiently culpable state of mind. McNeil v. Lane, 16 F.3d at 124.
 
 
 8
 AFFIRMED in part, REVERSED and REMANDED in part.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is be submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 We have not considered the possible bearing on this suit of the Prison Litigation Reform Act (Pub.L. 104-134, 110 Stat. 1321; re-codifying 28 U.S.C. § 1915(d) as § 1915(e), and significantly amending the right to bring civil actions or file appeals in forma pauperis ), which was enacted on April 26, 1996, as part of the federal omnibus fiscal year 1996 appropriations measure. That will be a matter for the district court to consider on remand
 
 
 [2]
 Under the version of 28 U.S.C. § 1915 then in effect, the court lacked authority to dismiss the claim altogether: "all that section 1915(d) authorizes the district court to do if it determines that the suit is frivolous is to deny leave to proceed in forma pauperis." Billman v. Indiana Dep't of Corrections, 56 F.3d 785, 787 (7th Cir.1995). The district courts apparently now have such authority under 28 U.S.C. § 1915(e)(2)(B) (1996)
 
 
 [3]
 Indeed, the magistrate judge subsequently denied defendants' motion to dismiss Count 2 for failure to state a claim under Fed.R.Civ.P. 12(b)(6)