103 F.3d 132
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard L. WALTERS; James R. Moore, Plaintiffs-Appellants,
v.
Ed SWIM, Maintenance Supv; Jim Cox, Maintenance Supv;
Arnold Jago; George Alexander, Defendants-Appellees.
 No. 96-3144.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1996.
 
 Before: ENGEL, MERRITT, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Richard L. Walters and James R. Moore, Ohio state prisoners, appeal pro se the summary judgment in favor of defendants, prison officials, in a civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Walters and Moore sought monetary relief in this action from two maintenance supervisors and two wardens of the prison where they are incarcerated, who were sued in their individual capacities. The plaintiffs alleged that they had been exposed to asbestos in violation of the Eighth Amendment. The district court granted the defendants' motion for summary judgment. On appeal, Walters and Moore argue that this case should have been consolidated with a class action seeking injunctive relief for prison conditions, including the alleged asbestos problem, that they should have been appointed counsel, and that defendants failed to cooperate in discovery.
 
 
 3
 Upon review, we conclude that we need not address the grounds of consolidation and appointment of counsel, as Walters and Moore failed to file objections to the magistrate judge's resolution of those motions. See Charter Oil Co. v. American Employers' Ins. Co., 69 F.3d 1160, 1171-72 (D.C.Cir.1995). Nevertheless, we note that there was no apparent abuse of discretion in either ruling, as appellants have not shown that they were prejudiced by the failure to consolidate the cases, see Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir.1993), or that exceptional circumstances existed to justify the appointment of counsel. See Lavado v. Keohane, 992 F.2d 601, 606 (6th Cir.1993).
 
 
 4
 The only remaining issue is whether the defendants' failure to cooperate in discovery renders the summary judgment in this case premature. Initially, we note that, in responding to the motion for summary judgment, Walters and Moore did not submit an affidavit pursuant to Fed.R.Civ.P. 56(f) showing why further discovery was needed. See Klepper v. First American Bank, 916 F.2d 337, 343 (6th Cir.1990). Moreover, it does not appear that further discovery would have altered the outcome of this case. In order to establish an Eighth Amendment violation, Walters and Moore were required to show that they were incarcerated under conditions posing a substantial risk of serious harm and that the defendants deliberately disregarded the risk. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1977-79 (1994). Showing that asbestos was present was not sufficient to establish that they had been unreasonably exposed. See McNeil v. Lane, 16 F.3d 123, 125 (7th Cir.1993). Nor did showing that some remediation efforts had been undertaken justify plaintiffs' conclusory assertion that previously, defendants must have been deliberately indifferent to the presence of asbestos.
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.