127 F.3d 1106
 80 A.F.T.R.2d 97-7649
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Emil P. TOLOTTI, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE, Department of the Treasury, USA,
Defendant-Appellee.
 No. 97-15679.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the District of Nevada Howard D. McKibben, District Judge, Presiding
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Emil P. Tolotti, Jr. appeals pro se the district court's summary judgment and the denial of Tolotti's Fed.R.Civ.P. 60(b) motion for reconsideration in Tolotti's action pursuant to U.S.C. § 7433 seeking damages for wrongful collection of federal income taxes.[1] As stated in the Appellate Commissioner's order of May 16, 1997, the scope of this appeal is limited to review of the February 3, 1997, order denying the motion for reconsideration.[2]
 
 
 3
 We review the denial of a motion for reconsideration for an abuse of discretion, Sheet Metal Workers' Int'l Ass'n Local Union, No. 359 v. Madison Indus., Inc., 84 F.3d 1186, 1192 (9th Cir.1996), and we affirm.
 
 
 4
 Because Tolotti's motion for reconsideration simply revisits the issues raised in earlier proceedings, the district court did not abuse its discretion in denying the Rule 60(b) motion.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Tolotti's motion cannot be construed as a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) because such a motion must be filed no later than ten days after entry of the judgment. The judgment was entered December 9, 1997. The motion for reconsideration was filed December 24, 1997
 
 
 [2]
 Tolotti did not file his motion for reconsideration within ten days of entry of the judgment and did not file the notice of appeal within sixty days of entry of the judgment. See Fed. R.App. P. 4(a)(1), 4(a)(4)(F). Contrary to Tolotti's assumption in his Reply Brief, the three-day service by mail provision of Fed.R.Civ.P. 6(e) does not apply here because the ten-day periods set forth in Rule 4(a)(4)(F) and Rule 59(e) run from the date of "entry" of the judgment, not from the date of "service" of the judgment