129 F.3d 1267
 80 A.F.T.R.2d 97-7890
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Raymond R. JAMROZ, Jr., et al., Plaintiffs-Appellants,
v.
Peter J. Panuthos, et al., Defendants-Appellees.
 No. 97-1813.
 United States Court of Appeals, Seventh Circuit.
 Submitted November 20, 1997*
Decided Nov. 20, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, Hammond Division, No. 96-CV-533; James T. Moody, Judge.
 Before POSNER, BAUER, and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Raymond Jamroz, Desiree Jamroz and William Coglianese appeal the dismissal of their Bivens action against Peter Panuthos, a United States Tax Court Judge, and the other named defendants, all Internal Revenue Service (IRS) employees, alleging that the IRS violated their right to petition the government for redress when the IRS avoided, lied, and refused to answer simple questions; that all named IRS employees committed perjury when they took their oaths of office; that they were charged additional interest and penalties because they would not waive their fourth amendment rights; that the IRS forced them to be a witness against themselves when the IRS refused to accept their tax returns unless they were signed under penalty of perjury; and other similar allegations.
 
 
 2
 The district court dismissed the case for, among other grounds, failing to identify any deprivation of constitutional rights, and for lack of personal jurisdiction. Appellants do not question the district court's rationale, but rather, they argue that they should have been allowed to amended their petition to state a claim. We affirm.
 
 
 3
 On June 7, 1996, the IRS sent Raymond Jamroz and Desiree Jamroz a notice of deficiency informing them that they owed an additional $4,622 in federal income taxes and a penalty of $420 relating to the tax year 1994. On July 31, 1996, the Jamrozes filed a petition in the United States Tax Court contesting the deficiency. The Jamrozes alleged that it was not within the power of Congress to impose taxes against them. On September 9, 1996, the Commissioner filed a motion to dismiss the petition for failure to state a claim. On October 1, 1996, the Jamrozes challenged the Tax Court's jurisdiction (even though they filed the petition in Tax Court) and informed the Tax Court that they were taking their case to federal district court. On October 16, 1996, the Tax Court informed the Jamrozes that they could not withdraw their case.
 
 
 4
 On October 25, 1996, the Jamrozes, along with Desiree's brother, William Coglianese, Jr., filed this action in federal district court. In their complaint, appellants alleged that the IRS illegally collected taxes from them and that the IRS employees named in the suit "committed perjury when they took their 'oath of office to uphold the Constitution of the United States of America,' because they, each and every one, have repeatedly, in the name of 'doing their job,' have violated the common law, their oath of office, and the rights of the people of our great Nation."
 
 
 5
 On November 19, 1996, the Jamrozes filed an amended petition in the Tax Court requesting that the case be dismissed for lack of jurisdiction. Attached to the amended petition was Raymond Jamrozs' affidavit, witnessed by Desiree Jamroz, stating that he was not a citizen of the United States of America, but rather, he was "a Citizen of the Union state Indiana." On December 3, 1996, the Tax Court dismissed the Jamrozes' petition as nothing but "tax protestor rhetoric and legalistic gibberish." No appeal was taken from that decision.
 
 
 6
 On January 17, 1997, the defendants moved to dismiss this case from federal district court for lack of subject matter jurisdiction. On January 29, 1997, the appellants responded to the defendants' motion arguing incomprehensibly that the defendants are "operating under a Maritime situation" and "[a] judge cannot dismiss a judicial case." Neither we nor the district court can decipher any form of coherent legal argument presented in this response. On February 26, 1997, the district court granted the defendants' motion and dismissed the case with prejudice.
 
 
 7
 We review the district court's dismissal of this action de novo. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir.1995). We view all the facts alleged in the complaint, as well as any inferences reasonably drawn from them, in the light most favorable to the plaintiffs. See McNeil v. Lane, 16 F.3d 123, 124 (7th Cir.1994). Additionally, because the appellants are proceeding pro se, we construe their complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).
 
 
 8
 On appeal, the appellants do not contest the district court's rationale but, claim they should have be given the opportunity to amend their complaint. "A suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." Graehling v. Village of Lombard, 58 F.3d 295, 297 (7th Cir.1995). However, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." Cushing v. City of Chicago, 3 F.3d 1156, 1161 n. 5 (7th Cir.1993) (citations omitted). The appellants' claim is frivolous. A complaint is frivolous when it lacks an arguable basis in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). The appellants' contend that they are citizens of Indiana, but not of the United States of America, and therefore not subject to taxation. See Raymond Jamroz Aff. As we have stated before, such a contention is patently absurd. See United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir.1993).
 
 
 9
 Appellants admit it is "doubtful that [they] can overcome the inherent defects" in their claim. It is more than doubtful. Appellants neither raise a justiciable claim challenging the deficiency assessment nor present any serious constitutional challenges in their petition. Accordingly, the district court properly dismissed the appellants' petition.
 
 
 10
 Since we find this appeal to be frivolous, a sanction of $2,000 may be warranted. See Cohn v. Commissioner, 101 F.3d 486 (1996). We therefore direct Raymond R. Jamroz, Jr., Desiree R. Jamroz and William L. Coglianese, Jr. to show cause why they should not be sanctioned for filing this appeal. See Fed. R.App. P. 38; Cir. R. 38. The above named parties have 14 days to file a response.
 
 
 11
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concuded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)