134 F.3d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donty Ledel SIMMONS, Plaintiff-Appellant,
v.
H. Christian DeBRUYN, et al., Defendants-Appellees.
 No. 96-4242.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 17, 1997.*
Decided Jan. 6, 1998.
 
 1
 Before FLAUM, RIPPLE and WOOD, JJ.
 
 ORDER
 
 2
 Donty Ledel Simmons, incarcerated at the Indiana Youth Center (now Plainfield Correctional Facility), brought this action pursuant to 42 U.S.C. § 1983. He alleged two distinct claims: that his Fourteenth Amendment right to due process was violated by the disciplinary hearings in the Youth Center; and that his Eighth Amendment rights were violated by the prison conditions. The district court dismissed Simmons's Fourteenth Amendment claim for failure to state a claim upon which relief could be granted; it held that he was not entitled to due process in the disciplinary proceedings because the proceeding resulted only in the punishment of disciplinary segregation. The district court granted the defendants' motion for summary judgment on Simmons's Eighth Amendment claims; it held that Simmons was not subjected to conditions that were sufficiently serious to state a claim under the Eighth Amendment, and:furthermore that he failed to establish that the defendants were deliberately indifferent to his health or safety.
 
 1.
 
 3
 Simmons claimed that his Fourteenth Amendment right to due process was violated because there was no impartial decisionmaker at the disciplinary hearings in the South Dorm of the Youth Center. According to Simmons, defendant Clinton Crider, Senior Officer in the South Dorm, told him that the officers under his command would write disciplinary reports against Simmons whenever possible, and that Crider would hear the reports, find him guilty, and lock him up. Simmons contends that all incidents were reported to Crider immediately after they occurred, and that Crider would act as the disciplinary hearing officer in the subsequent disciplinary proceeding. Specifically, Simmons objects to his convictions and sentences based on the following disciplinary violations: refusing housing assignment, sentenced to two days' disciplinary segregation; unauthorized absence from program assignment, sentenced to fourteen days' disciplinary segregation and twelve hours extra work duty; and unauthorized absence from program assignment, sentenced to fourteen days' disciplinary segregation and loss of telephone privileges for fourteen days. These convictions were upheld by defendant Trigg, the superintendent of the Youth Center, on disciplinary hearing appeal.
 
 
 4
 Although we conclude that Simmons's Fourteenth Amendment claim was properly dismissed, we reach that conclusion without examining whether he failed to state a claim upon which relief can be granted. We instead conclude that Simmons currently cannot maintain this action pursuant to § 1983 because he has not complied with the requirements of Heck v. Humphrey, 512 U.S. 477, 487 (1994). The Supreme Court recently has held that a prisoner's damages claim, which alleged that the decisionmaker in a disciplinary proceeding was biased and deceitful, necessarily implied the invalidity of the punishment imposed and was not cognizable under § 1983 because the prisoner's sentence previously had not been invalidated as required by Heck. Edwards v. Balisok, 117 S.Ct. 1584, 1588-89 (1997).
 
 
 5
 Simmons's damages claims are not cognizable under § 1983 because his argument that he failed to receive an impartial decisionmaker, necessarily implies the invalidity of his convictions. Although Simmons's claim is that the procedure used in the disciplinary hearings was improper, not that the results necessarily were wrong, "[a] criminal defendant tried by a partial judge is entitled to have his conviction set aside, no matter how strong the evidence against him." Edwards, 117 S.Ct. at 1588. Heck requires that before such an action can be brought, Simmons must established that his sentences "ha[ve] been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Stone-Bey v. Barnes, 120 F.3d 718, 721 (7th Cir.1997) (quoting Heck, 512 U.S. at 487).
 
 2.
 
 6
 With respect to his second claim, Simmons argues that the totality of the prison conditions violated his Eighth Amendment right to be free of cruel and unusual punishment, and that summary judgment was inappropriate because he raised genuine issues of disputed material fact regarding the unsanitary and overcrowded conditions in the Youth Center. Specifically, Simmons claims that the following conditions were unconstitutional: overcrowding; a malfunctioning ice machine; an inadequate exhaust system and lack of fans that caused extremely hot temperatures; missing window screens that permitted insects to fly into the dorms; an antiquated plumbing system that resulted in half of the toilets, sinks, and showers never working; leaky ceilings; and loose asbestos ceiling tiles that fell in the bedroom and the bathroom.
 
 
 7
 In order to prove an Eighth Amendment violation, a prisoner must establish that the alleged deprivation is "sufficiently serious" (the objective component) and that the defendant had a "sufficiently culpable state of mind" (the subjective component) Vance v. Peters, 97 F.3d 987, 991 (7th Cir.1996), cert. denied, 117 S.Ct. 1822 (1997) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). The district court found that Simmons failed to establish both the objective and subjective components. We review de novo the entry of summary judgment and draw all reasonable inferences from the record in the light most favorable to Simmons. Vance, 97 F.3d at 99
 
 
 8
 Simmons has objected to various conditions at the prison as "unsanitary and overcrowded," but none of these complained of conditions is "sufficiently serious" to establish an Eighth Amendment violation. A prisoner nay establish a violation of his Eighth Amendment rights by a combination of conditions when each condition alone is not enough, only when the particular combination of conditions has a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise--"for example, a low cell temperature at night combined with a failure to issue blankets." Wilson v. Seiter, 501 U.S. 294, 304 (1991). Conditions such as poor ventilation do not fall below "the minimal civilized measure of life's necessities," absent medical or scientific proof that such conditions exposed a prisoner to diseases or respiratory problems which he would not otherwise have suffered. Dixon v. Godinez, 114 F.3d 640, 645 (7th Cir.1997) (quoting Farmer, 511 U.S. at 833-34). Although the conditions Simmons complains of, such as hot temperatures, lack of ice, and insects, may have been uncomfortable and unpleasant, he has failed to identify any harm that he suffered as a result of these conditions. Simmons "showed neither physical harm nor the kind of extreme and officially sanctioned psychological harm that might support a claim for damages under the Eighth Amendment." Doe v. Welborn, 110 F.3d 520, 524 (7th Cir.1997).
 
 
 9
 Simmons also argues that a genuine issue of material fact exists as to whether he was exposed to the risk of future harm by having to sleep under falling asbestos-filled ceiling tiles. Simmons, however, failed to show on summary judgment that the conditions to which he was exposed were serious enough to be considered cruel and unusual. McNeil v. Lane, 16 F.3d 123, 125 (7th Cir.1993). "Had, for example, [Simmons] been forced to stay in a dormitory where friable asbestos filled the air, we might agree that he states a claim under the Eighth Amendment." Id. (internal citation omitted). The mere allegation that the defendants allowed the existence of asbestos is insufficient to establish a claim under the Eighth Amendment.
 
 
 10
 Because Simmons failed to establish that the prison conditions of which he complained were "sufficiently serious" to establish an Eighth Amendment violation, the district court did not err in concluding that Simmons failed to establish that the prison officials did not know of and disregard "an excessive risk to inmate health and safety." Farmer, 511 U.S. at 837.
 
 Conclusion
 
 11
 The district court dismissed Simmons's Fourteenth Amendment claim with prejudice. Because this claim is not currently cognizable under § 1983, it should have been dismissed without prejudice. See Stone-Bey, 120 F.3d at 723. We therefore vacate the district court's dismissal of the Fourteenth Amendment claim with prejudice and remand with instructions to dismiss the claim without prejudice. We affirm the judgment of the district court in all other respects.
 
 
 12
 AFFIRM in part and REMAND in part.
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)